152 So. 33

**GREENWOOD v. ABERNATHY, Judge.**

**6 Div. 450.**

Supreme Court of Alabama.

Jan. 11, 1934.

Horace C. Wilkinson, of Birmingham, for appellant.

Mullins, Pointer & Deramus and Cecil M. Deason, all of Birmingham, for appellee.

BOULDIN, Justice.

 The question of importance, as stated by appellant's counsel, is: Does the Act of Congress authorizing the sale of 3.2 nonintoxicating beverages (27 USCA §§ 64a to 64o) supersede the state prohibition law in so far as said beverages are concerned?

That neither the Eighteenth Amendment, nor the Volstead Act passed pursuant to the power therein conferred superseded or invalidated the prohibition laws of the states prescribing a less alcoholic content for prohibited liquors is too firmly established to call for discussion now. See authorities cited in 27 USCA p. 8, note 15.

The Act of March 22, 1933, 27 USCA §§ 64a to 64o, is amendatory of the Volstead Act (27 USCA § 1 et seq.), a liberalized definition of intoxicating liquors, prohibited by the Eighteenth Amendment.

The argument of appellant is to the effect that this is, or was, an enforcement measure intended, by a less stringent definition of intoxicating liquors, to make more effective the Eighteenth Amendment as against the manufacture, sale, or importation of liquors of high alcoholic content, often called hard liquors; that for such purpose it must be deemed the supreme law of the land, striking down state laws not in keeping with such purpose. National Prohibition Cases, 253 U. S. 350, 40 S. Ct. 486, 588, 64 L. Ed. 946.

Without considering the logic of such position, if the act in question was silent on the matter, it is sufficient to say this act expressly prohibits the shipment into any dry state of 3.2 beer, etc., intended to be received, possessed, or sold in violation of any law of such state. This is an express recognition of the continued validity of the laws of dry states, intended to protect them from a breaking down of their laws under the sanction of the interstate commerce clause. In effect Congress says the enforcement of the Eighteenth Amendment, if we concede such to be the purpose of the 3.2 beer act, does not call for, or is not to be promoted by an invasion of the police power of the states in making

or retaining their own laws fixing a lower alcoholic content. Ex parte John Harduvel 25 Ala. App. 561, 150 So. 808.

We merely note this case arose, before the repeal of the Eighteenth Amendment, and with it the Volstead Law. The question involved relates only to the status while both were still in force. The full force and effect of our state prohibition laws since federal prohibition has been repealed, is not questioned.

. ▇▇ The general jurisdiction of the Jefferson county court of misdemeanors in the matter of condemnation of contraband liquors being unquestioned, no question of jurisdiction in the particular case, such as the validity vel non of the search warrant under which the liquors were seized, is presented. Such questions must first be presented to the court in which the cause is pending. Prohibition does not lie unless the court has persisted in proceeding without jurisdiction after the matters complained of are brought to his attention. Hill v. Tarver, Recorder, 130 Ala. 592, 30 So. 499.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.