150 So.2d 693

**BARBER PURE MILK COMPANY OF MONTGOMERY, INC.**

v.

**ALABAMA STATE MILK CONTROL BOARD.**

**3 Div. 943.**

Supreme Court of Alabama.

Feb. 28, 1963.

Sol E. Brinsfield, Jr., Montgomery, for appellant.

Maultsby Waller, Montgomery, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from an order of the Circuit Court of Montgomery County, Alabama, entering an involuntary nonsuit and dismissing the petition of appellant praying for a writ of prohibition.

The appellant is a milk distributor and a licensee of the Alabama State Milk Control Board (hereinafter referred to as "Board"). Under Title 22, §§ 205–231, Code of Alabama 1940, as Recompiled 1958, the Milk Control Board is authorized to regulate and supervise generally the fluid milk industry in this state. Specifically, it is empowered by Sec. 223 of the above title to fix the prices paid to producers by distributors of certain designated classes of milk. The classes and prices are established by orders of the Board as provided by law.

The Board issued eleven so-called "show cause orders" and complaints against the appellant, charging violations of the Board's Official Order No. 360. That order established the prices to be paid producers for different classes of milk. The substance of all the complaints was that the appellant had underpaid its producers for milk that was ultimately processed and handled by appellant for White Dairy Company of Mississippi, a non-licensee of the Board. The only difference among the eleven complaints was the time periods and the amounts involved. In conjunction with the complaints, the appellant was ordered to appear before the Board to show cause why its license should not be revoked.

The appellant did not appear before the Board but petitioned the Circuit Court of Montgomery County for a rule nisi and finally for a writ of prohibition, asserting that the Board did not have jurisdiction of the subject matter of the complaints. The circuit court sustained the appellee's demurrer to the petition, whereupon appellant refused to plead further. An involuntary nonsuit was issued and the case dismissed.

The writ of prohibition exists in this state in its common law form. The purpose of the writ is to restrain courts and judicial bodies of inferior jurisdiction from abuses of power. It is an extraordinary and drastic remedy which is to be employed with great caution and only in cases of extreme necessity. It should not be awarded unless the complaining party has been drawn ad aliud examen into a jurisdiction or mode of procedure that is unlawful, or where by handling matters clearly within their cognizance, the inferior tribunal transgresses the bounds prescribed to them by law. Ex parte Burch, 236 Ala. 662, 184 So. 694; Ex parte Brown, 58 Ala. 536; Ex parte Roundtree, 51 Ala. 42. The issuance of the writ lies within the sound discretion of the court and is not a writ of right. Dear v. Peek, 261 Ala. 137, 73 So.2d 358. Nor will it be issued ordinarily where there is another adequate remedy. Goodwin, Judge, v. McConnell, 187 Ala. 431, 65 So. 788; Ex parte Burch, supra.

In summary fashion, these can be said to be the prerequisites for the issuance of the writ of prohibition under our law: (1) usurpation or abuse of power by an inferior judicial or quasi-judicial tribunal, (2) lack of another adequate remedy, (3) injury to the petitioner, and (4) presentation of the question before the inferior tribunal before resorting to the writ.

It is on 2 and 4 of these prerequisites that the petition in the instant case must fail. The jurisdictional question here has not been raised before the Board. This court has long recognized that this extraordinary writ should not be awarded unless the question is first tested in the inferior tribunal. Chief Justice Peters stated the rule as follows in Ex parte Hamilton, 51 Ala. 62:

"* * * And authorities are not wanting, which declare that this writ should not be issued, in any instance, until the party who complains of the abuse of power shall have first sought redress in the inferior tribunal, and has failed to obtain it. Ex parte Greene & Graham, 29 Ala. 52."

**566**

The rule was reaffirmed in Greenwood **v.** Abernathy, 228 Ala. 26, 152 So. 33.

 On the other hand, the petitioner need not make application to an inferior tribunal before resorting to the writ of prohibition where it is apparent that objection would be unavailing. Ex parte State ex rel. Knight, 229 Ala. 513, 158 So. 317.

 In the instant case, the petitioner alleges in his petition that "it would be useless, unavailing, and futile" to raise this question of excess jurisdiction before the Board. And furthermore, "that said petitioner has on many occasions in the past officially called such matters to the attention of the Board, and on each occasion the Board, and its personnel, has failed or refused to refrain from attempting to exceed the jurisdiction as granted. * * *" These are the only averments offering to show that it would have been to no avail to test the question before the Board. Construed most strongly against the pleader, these averments are mere conclusions and are adequately attacked by ground 7 of the appellee's demurrer. Ground 7 is as follows:

"That the allegation that it would be useless to test the jurisdiction of the Board before the Board is a conclusion of the pleader and no facts are alleged which would sustain such conclusion."

The ground is well taken.

 Moreover, the petitioner has an adequate remedy for redress in Title 22, Sec. 226, Code of 1940, which provides as follows, in pertinent part:

"Any person affected by any order or action of the board, who deems himself aggrieved by any such order or act may within ten days after receiving notice of such action or order, have such order, or action reviewed by a writ of certiorari * * *."

In light of this statute, in the event that the Board rules that it has jurisdiction, certiorari would still be available. Howle v. Ala. State Milk Control Board, 265 Ala. 189, 90 So.2d 752.

The tenth ground of appellee's demurrer pointing out this defect is as follows:

"That petitioner's allegation that there is no speedy adequate remedy at law is a conclusion contrary to the established law."

It results that the trial court properly sustained the demurrers to the petition and the judgment is due to be, and is, affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.