447 So.2d 713 (1984)
Ex parte CITY OF TUSKEGEE.
(In re Otto MOORE v. CITY OF TUSKEGEE).
82-1296.
Supreme Court of Alabama.
March 2, 1984.
Concurring Opinion March 23, 1984.
*714 Edwin L. Davis of Gray, Langford, Sapp, Davis & McGowan, Tuskegee, for petitioner.
Edward B. Raymon of Raymon, Nathanson & Raymon, Tuskegee, for respondent.
BEATTY, Justice.
Following a hearing, Otto Moore, a police officer of the City of Tuskegee (City), was discharged by the City Council of the City of Tuskegee (Council). Moore then filed a complaint against the City, alleging that there was no substantial evidence adduced before the Council to support his discharge. He added:
"Plaintiff avers that prior to his being terminated on August 27, 1981, he was informed that while he was on vacation during the summer that Mr. A.C. Bulls was notified by telephone that he was under investigation for fencing stolen property and that there was going to be a `police raid' involving A.C. Bulls. Plaintiff avers from the information he received ... that the caller identified himself to A.C. Bulls as being `Otto Moore.' Plaintiff denies that he telephoned A.C. Bulls and further alleges that A.C. Bulls does not know who called him other than the caller identified himself as `Otto Moore.'"
Moore sought reinstatement, back pay, compensatory and punitive damages in unspecified amounts, and attorneys fees. The City moved to dismiss the complaint. That motion was denied, whereupon the City filed its answer, which alleged, among other matters, that (1) Moore's hearing (before the Council) had afforded all due process procedures, and (2) that the circuit court was without jurisdiction of the subject matter. The City also moved for summary judgment, again contending that the hearing had been attended with notice, the presence of Moore's counsel, the right to call witnesses, and all other due process procedures. The motion was supported by the affidavit of L.M. Gregg, mayor pro tern of the Council. This motion was also denied.
A pre-trial conference was held on March 9, 1983. The circuit court then entered an order identifying the issues:
"(a) Did Plaintiff have a property interest in his employment to the extent as to require substantive due process in the termination of such employment?
"(b) Did the Defendant comply with its own rules and regulations in conducting the hearing and terminating the Plaintiff's employment; i.e., was the Plaintiff afforded procedural due process?"
*715 This order also summarized the evidence to be considered at the hearing which was to ensue.
The trial was held in circuit court in September 1983. At that hearing, Moore's counsel introduced into evidence, over objection, a Tuskegee News article of August 27, 1981, in which the author, J.J. Johnson, stated:
"Mayor Johnny Ford has promised to sustain the police department's recommendation which should come to his desk by the week's end following an investigation into how criminal suspects may have found out about police raids."
The trial court called Johnson as its witness. Johnson testified that he did not remember, but that if the statement was attributed to the mayor then he did make it; that it was a summary of a conversation he had with the mayor. Several other witnesses were called, namely, J.B. Walker, the chief of police; L.M. Gregg; and the plaintiff Moore.
Following this hearing, the circuit court entered another order outlining additional issues for trial. In part the court found that "the substantive standards are set forth in the 1972 Code of Conduct and further that the procedures outlined in the 1977 Ordinance are applicable." The court also found that the mayor had committed himself in advance to uphold the police department, and that the council could not grant Officer Moore a fair hearing. The trial court then ordered a further de novo hearing in circuit court on the merit of Officer Moore's discharge.
In response, the City of Tuskegee moved to have this order modified so as to either (1) enter judgment for the City or (2) to remand the cause to the Council for a new hearing. This motion was denied, whereupon the City petitioned this Court for a writ of prohibition to prevent the circuit court from proceeding to a disposition of the case on the merits.
Simply put, it is the City's position that no general jurisdiction exists in the circuit court to consider the merits of Moore's discharge. It contends that the Council acted lawfully under its merit system, with the result that Moore was accorded procedural and substantive due process. The City maintains that the circuit court's jurisdiction in such a case is not original, but limited to review by certiorari in order to determine whether or not the employee was given due process of law.
The respondent trial judge, by answer, has stated that the remaining issue to be tried is whether or not the City of Tuskegee acted arbitrarily and capriciously in discharging Otto Moore. The respondent, Moore, in addition to adopting that position, also contends that the circuit court has original jurisdiction of this case under Code of 1975, § 12-11-31, as a civil action in which a plain and adequate remedy is not provided in other judicial tribunals.
We note that the trial court found that the substantive standards of the City's 1972 Code of Conduct, under which officer Moore was judged by the Council, as well as the procedures for the Council's action outlined in the City's ordinance of 1977, were applicable to this case. These, apparently, were adopted to comply with Code of 1975, § 11-43-182, requiring the City to provide a civil service merit system. Those standards being before the trial court, the next question is: What is the scope of the trial court's review in an action brought by the person discharged under those standards? Under these circumstances, the review by the circuit court is, in effect, that of certiorari, and on such a review the circuit court is restricted to examining only the external validity of the proceeding. Ferrell v. Langley, 421 So.2d 116 (Ala.Civ. App.1982); cf. Guthrie v. Civil Service Board of Jasper, 342 So.2d 372 (Ala.Civ. App.1977), and Ex parte Hennies, 33 Ala. App. 377, 34 So.2d 22 (1948). Thus, in this case, the circuit court is limited to a review of the record made before the Council and questions of law presented thereby. And, where there was substantial evidence in support of the Council's discretionary discharge authority, the reviewing circuit court may not supplant the Council's judgment *716 with its own. Guthrie, supra, at 375.
Now, in this case, the circuit court has concluded that Officer Moore cannot obtain a fair hearing before the Council because the court concluded from the newspaper article introduced in circuit court that the Mayor was predisposed to discharge Officer Moore. Thus, the circuit court has concluded that it will proceed so that Officer Moore shall "now receive a fair hearing in this [the trial] court" on the merits of his dismissal.
If the circuit court did proceed as it as indicated, then it would assume a jurisdiction it does not possess. The petition requests that we issue a writ of prohibition to prevent the exercise of such jurisdiction. Such a petition properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction. Hudson v. Sparks, 272 Ala. 203, 129 So.2d 664 (1961); Goodwin v. McConnell, 187 Ala. 431, 65 So. 788 (1914).
Under the authorities cited, we have no alternative but to grant the writ of prohibition and remand this case to the honorable circuit court with directions to review the record of the dismissal proceeding to determine whether the law, substantive and procedural, was properly applied, and whether the ruling complained of by plaintiff was supported by legal evidence.
WRIT GRANTED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
JONES, Justice (concurring in the result).
While I first concurred generally in the Court's opinion, I suppose in a technical sense I should be shown as concurring in the result. I believe the opinion as written is susceptible to being read to the effect that in all circumstances the circuit court's authority to review a law enforcement officer's discharge pursuant to § 11-43-182 is limited to "that of certiorari," i.e., "restricted to examining only the external validity of the proceedings." "Thus, in this case," says the Court's opinion, "the circuit court is limited to a review of the record made before the council and questions of law presented thereby."
The effect of such a holding would be to preclude from the circuit court's consideration all matters concerning the mayor's predisposition to discharge Officer Moore. It is the qualifying language "in this case" that causes me to concur in the holding. Certainly, it cannot be denied that the circuit court's general jurisdiction to try issues of fraud, collusion, or arbitrariness may be invoked, including a claim that the mayor, sitting and voting as a member of the city council, had a fixed opinion as to the merits of Officer Moore's discharge. See Greenberg v. Alabama State Tenure Commission, 395 So.2d 1000 (Ala.1981), and Alabama High School Athletic Association v. Rose, 446 So.2d 1 (Ala.1984).
In this case, the pleadings, taken along with the trial court's pretrial orders, shows that the Plaintiff did not invoke the circuit court's jurisdiction on this expanded issue. Such jurisdiction could not be invoked through the testimony alone. Thus the "[trial court] assume[d] a jurisdiction it does not possess." I do not read this Court's opinion as precluding the trial court's prerogative upon remand, in light of the totality of the evidence already taken, to then remand this cause for a new due process hearing before the city council, which, as the opinion points out, was one of the city's alternative prayers for relief before the circuit court. See Godwin v. City Council of the City of McKenzie, Alabama, 449 So.2d 1231 (Ala.1984).