644 So.2d 958 (1993)
Ex parte Major Jerry SHOEMAKER, Chief, Alabama Bureau of Investigation.
(In re Loyd L. ANDERSON).
AV92000788.
Court of Civil Appeals of Alabama.
December 3, 1993.
Patrick Mahaney, Montgomery, for petitioner.
J. Michael Campbell of NcNamee, Snead & Campbell, Birmingham, for respondent.
THIGPEN, Judge.
This is a petition for a writ of prohibition filed by Major Jerry Shoemaker, Chief, Alabama Bureau of Investigation, pursuant to Ala.Code 1975, § 12-3-11.
From the scant information contained in the record on appeal, it appears that Loyd L. Anderson, a former employee of the Shelby County Sheriff's Department, filed a petition, pursuant to Rule 27(a), A.R.Civ.P., requesting discovery prior to filing an action. A *959 subpoena was served on Shoemaker to produce all records relating to any investigation of Anderson. Shoemaker opposed the petition, and following arguments on the petition, the trial court ruled in favor of Anderson. Shoemaker, via a petition for a writ of prohibition, seeks to have this court direct the Shelby County Circuit Court to quash Anderson's discovery petition and the civil subpoena for production of documents directed to Shoemaker.
Presumably, Anderson sought discovery in order to ascertain whether there is sufficient information for him to file an action. Shoemaker contends that this is not a proper purpose for which Rule 27, A.R.Civ.P., was designed. Shoemaker asserts that he is the custodian of thousands of active and closed case files which contain highly confidential and extraordinarily sensitive information. He argues that requiring the release of any of these files, without valid and substantial grounds based on an active justiciable case before a court, could jeopardize an on-going investigation or the life or safety of a confidential informant or that of a law enforcement official. Shoemaker contends that Rule 27, A.R.Civ.P., is not a method for pre-complaint discovery, but that it may be utilized in special circumstances to prevent testimony from being lost, citing Ash v. Cort, 512 F.2d 909 (3rd Cir.1975). He argues that to allow access to these files in this manner works a great disservice to Alabama's law enforcement structure and that it endangers the maintenance and security of all confidential police information. Shoemaker further argues that to allow Anderson to use Rule 27, A.R.Civ.P., in this manner would be to permit him "to engage in a fishing expedition for causes of action."
A writ of prohibition is an extraordinary writ which is to be employed with extreme caution and used only in cases of extreme necessity. Ex parte State Dep't of Mental Health & Mental Retardation, 536 So.2d 78 (Ala.Civ.App.1988); see also Ex parte Perry County Board of Education, 278 Ala. 646, 180 So.2d 246 (1965). Prohibition is not a favored writ and will not issue unless there is no other adequate remedy. Ex parte Strickland, 401 So.2d 33 (Ala.1981); Barber Pure Milk Co. of Montgomery, Inc. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So.2d 693 (1963); Ex parte Burch, 236 Ala. 662, 184 So. 694 (1938). The petition for the writ "properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction." Ex parte City of Tuskegee, 447 So.2d 713, 716 (Ala.1984). The writ is preventive rather than corrective and is utilized to prevent the usurpation of excessive jurisdiction by a judicial tribunal. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961); see also Mental Health, supra. Issuance of a writ of prohibition lies within the discretion of the court, and the writ is granted or withheld according to the nature and circumstances of the case, not as a matter of right. Barber, supra; Dear v. Peek, 261 Ala. 137, 73 So.2d 358 (1954). "Prohibition is the proper remedy to intercept and put an end to usurpation of jurisdiction." Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940).
Rule 27, A.R.Civ.P., allows one to petition the circuit court before an action or pending appeal, in order to perpetuate testimony, or to obtain discovery pursuant to Rules 34 or 35. Rule 27(a)(1), in pertinent part, specifies that the petition:
"shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each."
The scope of the rule is not unlimited. The purpose of Rule 27 is to preserve testimony and evidence rather than to make discovery before filing an action in order to determine whether a cause of action exists. The intended use of the rule is to perpetuate testimony or evidence; i.e., to keep evidence, which might otherwise be lost, available for use at a subsequent time. The rule does not *960 contemplate any other method of discovery before the filing of an action. See, Committee Comments to Rule 27, A.R.Civ.P.; Hoffman & Guin, Alabama Civil Procedure, §§ 6.153-6.155 (1990); Lyons, Alabama Rules of Civil Procedure Annotated, § 27.1-27.4 (2d ed. 1986); 8C Wright & Miller, Federal Practice and Procedure, § 2071 (1970).
Anderson's petition virtually tracked the language of the first required showing without providing any specific information regarding why he is unable to bring the action or cause it to be brought. The petition further failed to show any specificity regarding the subject matter of the expected action and Anderson's interest therein. Likewise, Anderson's petition failed to show any facts he desired to establish by the proposed information, and it was totally devoid of any reason Anderson desired to perpetuate it. There was no action pending and there was no risk shown that the information would not be available should an action be filed at a later time; i.e., there was nothing to indicate that the evidence might be lost. Anderson provided the names and addresses of three agencies from which he sought discovery; however, he totally failed to show the substance of or need for any information he sought. Although Anderson provided the name and address of one potential party in compliance with subpart 4, Shoemaker was not named as a potential party.
It is well settled that trial courts have very broad discretion regarding discovery matters. Hunt v. Windom, 604 So.2d 395 (Ala.1992); Ex parte Fuller, 600 So.2d 214 (Ala.1992). A complainant who provides no actual and accurate knowledge regarding facts upon which his right of action depends has not provided a sufficient basis for discovery. Kirksey Motors, Inc. v. General Acceptance Corp., 276 Ala. 270, 161 So.2d 475 (1964). The Rules of Civil Procedure clearly apply once an action has been instituted in the trial court. See Rutledge Petroleum Corp. v. F & W Trucking, 545 So.2d 60 (Ala.Civ.App.1988). Here, however, there was no action instituted by which Anderson could proceed utilizing the rules governing discovery in a routine manner.
Anderson's petition simply failed to properly invoke the trial court's jurisdiction and the trial court assumed jurisdiction it did not possess when it issued a subpoena to Shoemaker to produce documents pursuant to Anderson's petition. Furthermore, as Shoemaker aptly asserts in brief, Anderson's pre-complaint technique of discovery circumvents the established rules for discovery, may prejudice a potential defendant's case, and potentially denies an adverse party the opportunity to object, to be present, or to restrict discovery.
Based on the foregoing, it appears that the trial court was without authority to issue the contested order. Shoemaker has no other adequate remedy to prevent the trial court from exceeding its jurisdiction in this matter. See American Life Ins. Co. v. Powell, 259 Ala. 70, 65 So.2d 516 (1953). Accordingly, the writ of prohibition sought by Shoemaker is issued.
PEREMPTORY WRIT OF PROHIBITION GRANTED.
YATES, J., concurs.
ROBERTSON, P.J., dissents.
ROBERTSON, Presiding Judge, dissenting.
Loyd L. Anderson filed a petition pursuant to Rule 27, A.R.Civ.P., in the Circuit Court of Shelby County. Following a hearing on the petition and the respondent's motion in opposition to the petition, the trial court ordered the parties named in the petition to comply with certain discovery requests.
A writ of prohibition was sought from this court. After calling for an answer, the majority of this court issued the writ.
Prohibition is proper to prevent a usurpation or abuse of power where a trial judge or court undertakes to act in a manner in which the judge or the court has no jurisdiction. Ex parte Strickland, 401 So.2d 33 (Ala.1981). I cannot find that the trial judge is usurping or abusing his power in this proceeding which is clearly within his jurisdiction and which is allowed by Rule 27, A.R.Civ.P. See also, § 36-12-40, Ala.Code 1975.
*961 The writ of prohibition should be denied, therefore, I respectfully dissent.