Is Rule 27, Ala.R.Civ.P., which authorizes preaction discovery under Rule 34, limited in its use to perpetuating evidence? That is the basic question presented in this case.
Rule 27(a) provides, in pertinent part:
 "(1) Petition. A person who desires to perpetuate his own testimony or that of another person or to obtain discovery under Rule 34 or 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the *Page 962 
petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or 35 from the persons named in the petition.
". . . .
 "(3) Order And Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions; or shall make an order designating or describing the persons from whom discovery may be sought under Rule 34 and specifying the objects of such discovery; or shall make an order for a physical or mental examination as provided in Rule 35(a). The discovery may then be taken in accordance with these rules. For the purpose of applying these rules to discovery before action, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such discovery was filed."
(Emphasis added.)
Loyd L. Anderson, a former employee of the Shelby County Sheriff's Department, filed a Rule 27 petition seeking preaction discovery. Anderson generally tracked the pertinent language of Rule 27, naming the Shelby County Commission ("the Commission") as the expected adverse party and requesting, among other things, that the Alabama Bureau of Investigation ("the ABI") be ordered to produce for inspection and copying all of its records relating to a criminal investigation that it had conducted into Anderson's activities while he was employed by the county. Anderson had left his employment with the county under the cloud of a criminal investigation by the ABI. Anderson alleged in his Rule 27 petition that he expected to sue the Commission for money he claimed was owed to him as a result of his previous employment. Anderson took the position that he needed to see the ABI's records before he could make a good faith determination as to whether he had a cause of action against the Commission. After conducting a hearing, at which Anderson and the ABI were represented by counsel, the trial court ordered the ABI to comply with Anderson's discovery request. The head of the ABI, Major Jerry Shoemaker, petitioned the Court of Civil Appeals for review of the trial court's order, arguing that Rule 27 allowed preaction discovery only for the purpose of perpetuating evidence in danger of being lost or destroyed and that there was no evidence to suggest that the records sought by Anderson were in such danger. In a split decision, the Court of Civil Appeals reversed the judgment, holding that Anderson's petition was not sufficiently specific to state a claim under Rule 27 and that he was not entitled under Rule 27 to require the production of the ABI's records, in the absence of evidence that those records were in danger of being lost or destroyed. Ex parte Shoemaker,644 So.2d 958 (Ala.Civ.App. 1993). Presiding Judge Robertson dissented, stating that he could find no basis for holding that the trial court had abused its power in granting Anderson's discovery request. Anderson then petitioned for relief from this Court. Although Anderson styled his petition in this Court as a "petition for writ of prohibition," we have treated that petition as one for certiorari review. We reverse and remand.
Rule 27, on its face and stripped of its historical background, does not restrict discovery under Rule 34 to cases where evidence is in danger of being lost or destroyed. *Page 963 
Although Rule 27 was not written as clearly as it could have been, the first sentence of the rule states:
 "A person who desires to perpetuate his own testimony or that of another person or to obtain discovery under Rule 34 . . . regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party."
(Emphasis added.) The rule goes on to speak of discovery under Rule 34 in terms entirely unrelated to the perpetuation of evidence, placing the decision as to whether to grant relief under the rule within the sound discretion of the trial court (i.e., the trial court may allow discovery under Rule 34 if it is "satisfied" that such discovery "may prevent a failure or delay of justice"). See, also, Hunt v. Windom,604 So.2d 395, 397 (Ala. 1992) ("[t]his Court has on many occasions held that the trial courts have very broad discretion regarding discovery matters under Rule 26, Ala.R.Civ.P."). Shoemaker, citing Rule 27's historical background, contends that the rule was not intended to be as broad as its language indicates. He argues, instead, that Rule 27 is substantially similar to Federal Rule 27 in that it, he argues, like the federal rule, allows Rule 34 to be used only for the purpose of preserving or perpetuating evidence in danger of being lost or destroyed. For the following reasons, we disagree.
Rule 27 superseded Title 7, §§ 491505, Code 1940. Those statutes provided only for the preaction perpetuation of testimony. Rule 27, on the other hand, specifically provides for preaction discovery under Rule 34, with no requirement that the evidence sought to be inspected be in danger of being lost or destroyed. However, Shoemaker points to the committee comments to Rule 27 as support for his contention. Those comments state, in pertinent part:
 "As is true of the corresponding federal rule, the primary purpose of Rule 27, like that of the state statutes it superseded, is to perpetuate testimony rather than to make discovery.
 "See 8 C. Wright A. Miller, Federal Practice and Procedure, Civil § 2071 (1970).
 "However, this rule has been modified to allow limited discovery under Rules 34 and 35 for the purpose of perpetuating evidence pursuant to those rules. This rule permits production and inspection under Rule 34 and physical or mental examination under Rule 35, whether or not testimony is perpetuated. See Vermont Rule 27; 8 C. Wright A. Miller, Federal Practice and Procedure, Civil § 2074 (1970). The discovery permitted under Rule 27(a) and (b) is expressly limited to that available under Rule 34 and Rule 35. Thus, the modifications from Federal Rule 27 do not contemplate any other method of 'discovery' before the filing of an action. . . ."
Although the purpose of the Committee Comments is to explain and clarify the Rules of Civil Procedure, the Committee Comments to Rule 27 actually raise more questions than they answer. For instance, the comments state that Rule 27 is patterned after Federal Rule 27 and Vermont Rule 27 and that the rule's "primary" purpose is to perpetuate testimony. This statement with respect to the rule's "primary" purpose probably resulted from the fact that the statutes that the rule superseded focused exclusively on perpetuating testimony. However, although the commentators acknowledged in the third paragraph quoted above that the rule had been changed so as to allow limited preaction discovery under Rule 34, they stated, nonetheless, and with no supporting language from the rule itself, that that discovery was limited to perpetuating evidence. While we are fully aware of the statement of purpose contained in the comments to Rule 27, we cannot give precedence to that statement over the otherwise clear language contained in the rule. Simply put, Rule 27 speaks for itself.
Federal Rule 27, which, along with Vermont Rule 27, unquestionably provided the pattern for our state rule, was also initially limited to the perpetuation of testimony. However, Alabama Rule 27 was not identical to Federal Rule 27, and Federal Rule 27 was *Page 964 
later amended so as to authorize the preaction production of evidence under Federal Rule 34; Federal Rule 27(a) reads in part as follows:
 "(1) Petition. A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.
". . . .
 "(3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed."
(Emphasis added.)
It seems to be generally understood now among the federal courts and among legal scholars that the objective of Federal Rule 27 is to perpetuate testimony and evidence in danger of being lost or destroyed, for use in a prospective action, and that, to the extent that use of Federal Rule 34 will serve to preserve evidence, it should be available regardless of whether it is used in conjunction with the taking of a deposition. See 4 Moore's Federal Practice, §§ 27.07(4); 27.09; 27.13 (2d ed. 1991). It is stated in 8 C. Wright and A. Miller,Federal Practice and Procedure, at § 2071 (1970), that the federal rule was not intended to afford a potential plaintiff with a procedural device by which he could "fish" for a ground for filing an action. See, also, Hoffman and Guin,Alabama Civil Procedure at 495. We should reiterate, however, that Alabama Rule 27 is conspicuously different from its federal counterpart. Alabama Rule 27, which is entitled "Discovery Before Action or Pending Appeal," specifically authorizes "discovery under Rule 34," without limiting the use of Rule 34 to that of perpetuating evidence. In fact, Alabama Rule 27 refers to "discovery" 15 times, never making the availability of Rule 34 as a discovery device contingent on the need to preserve evidence. The federal rule, on the other hand, is entitled "Depositions Before Action or Pending Appeal" and does not contain the word "discovery"; it focuses, instead, on the "perpetuation" of testimony and evidence. Although Alabama Rule 27 does not give a potential plaintiff "carte blanche" to "fish" for a ground for filing an action, it nonetheless provides for preaction "discovery under Rule 34," regardless of any need to perpetuate evidence, provided that the requirements of the rule are met and that the trial court is satisfied that such discovery might serve to prevent a failure or delay of justice. As previously noted, relief under Rule 27 is discretionary with the trial court, and a trial court's ruling on a Rule 27 petition will not be reversed in the absence of an abuse of discretion. Therefore, although we find the federal courts' interpretation of Federal Rule 27 to be instructive on the *Page 965 
question presented in this case, we do not deem it to be controlling.
Vermont Rule 27 also served as a pattern for Alabama Rule 27. The Reporter's Notes to the Vermont Rule state in part:
 "Rule 27(a)(1) provides for a verified petition for perpetuation of testimony or other appropriate discovery before action. . . . Rules 27(a)(3) and (4) provide for the taking and use of the discovery in accordance with other applicable discovery rules."
(Emphasis added.) In In re Burlington Bagel Bakery,Inc., 150 Vt. 20, 22, 549 A.2d 1044, 1045 (1988), the Vermont Supreme Court noted:
 "V.R.C.P. gives the presiding judge discretion to grant a petition for preaction discovery if he or she 'is satisfied that the perpetuation of the testimony or other discovery may prevent a failure or delay of justice.' "
Burlington Bagel Bakery suggests to us that if the question was presented squarely to it, the Vermont Supreme Court might treat Vermont Rule 27 as a preaction discovery device available for purposes other than the perpetuation of evidence, if the production of the evidence would "prevent a failure or delay of justice."
Against the historical background of Rule 27 and in accordance with the Committee Comments to Rule 27 and the prevailing school of thought among the federal courts and among legal scholars concerning Federal Rule 27, the Court of Civil Appeals held that Rule 27 was basically intended to mirror the federal rule and that it does not authorize the discovery of evidence under Rule 34 for the purpose intended by Anderson — to evaluate his legal position vis-á-vis the Commission. Although we can certainly understand why the Court of Civil Appeals held as it did, we must agree with Anderson and the trial court that Rule 27 is significantly different from the federal rule and that it does not limit preaction discovery under Rule 34 to perpetuating evidence. We note in this regard that limited use of Rule 27 for the purpose of evaluating a potential claim is entirely consistent with the underlying purpose of both Rule 11, Ala.R.Civ.P., and the Alabama Litigation Accountability Act, Ala. Code 1975, §12-19-270 et seq., in that Rule 27 provides a limited means by which potential plaintiffs (and their attorneys), within the discretion of the trial court, can examine evidence before actually deciding whether they have a reasonable basis for filing an action.
Therefore, we answer the question posed at the beginning of this opinion in the negative. Furthermore, we hold that the trial court did not abuse its discretion in ruling that Anderson's Rule 27 petition was sufficient under our generalized rules of pleading to state a claim for preaction discovery or in determining that a failure or delay of justice might be prevented by affording Anderson an opportunity to inspect the ABI's records.[1] The judgment of the Court of Civil Appeals is reversed, and the case is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL, INGRAM and COOK, JJ., concur.
[1] We make no judgment as to whether the ABI's records are protected from disclosure under other provisions of Alabama law. The Court of Civil Appeals reversed the trial court's judgment on the holdings that Anderson's petition was not sufficiently specific to state a claim and that he was not entitled to preaction discovery of the ABI's records for the purpose of evaluating a potential cause of action. It did not rule one way or the other as to whether the ABI's records should be the subject of a protective order. Our review in this case is limited to those particular holdings. *Page 966