The petitioner, Walter Leroy Moody, Jr., filed this petition for a writ of prohibition against the Honorable William Rhea, III, circuit judge. Moody seeks an order prohibiting Judge Rhea from denying him continued assistance from a paralegal appointed by Judge Rhea at the state's expense in October 1994 to assist him in preparing his defense. Although the paralegal has agreed to assist the petitioner without compensation, Judge Rhea has refused to continue the appointment. The petitioner is charged with the murder of Judge Robert S. Vance, a murder made capital because the murder was of "a state or federal public official" and was "related to [Judge Vance's] official position." See § 13A-5-40(a)(11), Code of Alabama 1975. The petitioner is also charged with first degree assault of Helen Vance, Judge Vance's wife. The charges resulted from the explosion of a mail bomb sent to Judge Vance at his home in Birmingham.
The writ of prohibition has been characterized as follows:
 "A writ of prohibition is an extraordinary writ which is to be employed with extreme caution and used only in cases of extreme necessity. Ex parte State Dep't of Mental Health Mental Retardation, 536 So.2d 78 (Ala.Civ.App. 1988); see also Ex parte Perry County Board of Education, 278 Ala. 646, 180 So.2d 246 (1965). Prohibition is not a favored writ and will not issue unless there is no other adequate remedy. Ex parte Strickland, 401 So.2d 33 (Ala. 1981); Barber Pure Milk Co. of Montgomery, Inc. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So.2d 693 (1963); Ex parte Burch, 236 Ala. 662, 184 So. 694 (1938). The petition for the writ *Page 277 
'properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction.' Ex parte City of Tuskegee, 447 So.2d 713, 716 (Ala. 1984). The writ is preventive rather than corrective and is utilized to prevent the usurpation of excessive jurisdiction by a judicial tribunal. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961); see also Mental Health, supra. Issuance of a writ of prohibition lies within the discretion of the court, and the writ is granted or withheld according to the nature and circumstances of the case, not as a matter of right. Barber, supra; Dear v. Peek, 261 Ala. 137, 73 So.2d 358 (1954). 'Prohibition is the proper remedy to intercept and put an end to usurpation of jurisdiction.' Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940)."
Ex parte Shoemaker, 644 So.2d 958, 959 (Ala.Civ.App. 1993), rev'd, 644 So.2d 961 (Ala.), on remand, 644 So.2d 966
(Ala.Civ.App. 1994).
In order to prevail on a writ of prohibition, the petitioner must show: "(1) usurpation or abuse of power by an inferior court . . ., (2) lack of another adequate remedy, (3) injury to the petitioner, and (4) presentation of the question before the inferior tribunal" before filing the writ. Barber Pure Milk Co.v. Alabama State Milk Control, 274 Ala. 563, 565,150 So.2d 693, 695 (Ala. 1963).
The petitioner filed a petition for certiorari review with the Alabama Supreme Court after this court, on motion of the state, quashed all ex parte orders of the trial court directing the payment of attorney fees, expenses, and expert fees. Before the Supreme Court issued a ruling on this petition for writ of certiorari, the petitioner moved to proceed pro se. That motion was granted, thus rendering the issues raised in the Supreme Court moot. The Court quashed the writ and the petitioner then filed a petition for a writ of mandamus with the Alabama Supreme Court, asking that the Court determine whether he was entitled to certain experts and, if so, whether those experts are entitled to be paid in advance. In granting the petitioner's writ, the Alabama Supreme Court noted:
 "We point out that currently Moody is not represented by legal counsel and intends to act on his own behalf. The trial court appointed a paralegal to aid Moody in his defense; it abused its discretion in doing so. If Moody desires to be represented by counsel, he may have counsel appointed. However, we find no authority to support the appointment of a paralegal to aid an indigent defendant who wants to represent himself. We find nothing in the Sixth Amendment right to effective assistance of counsel that includes appointment of a paralegal for an indigent who wants to proceed pro se. 'When an accused manages his own defense, he relinquishes, as purely factual matter, many of the traditional benefits associated with the right to counsel.' Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). Once an indigent defendant chooses to proceed pro se, he takes on responsibilities that an attorney would have had in representing him and voluntarily relinquishes some aid that may have been available to him through an attorney. DeFries v. State, 597 So.2d 742
(Ala.Cr.App. 1992), citing Owen v. State, 272 Ind. 122, 396 N.E.2d 376 (1979)."
Ex parte Moody, [Ms. 1941642, April 19, 1996] ___ So.2d ___, ___ (Ala. 1996).
Moody has failed to satisfy the requirements for the issuance of a writ of prohibition. As the Alabama Supreme Court stated, the petitioner is not entitled to the assistance of a paralegal. Furthermore, contrary to the petitioner's assertions, the trial court has not denied him access to the voluntary services of a paralegal. The trial court has merely followed the dictates of the Alabama Supreme Court and refused to continue the appointment of a paralegal for an indigent defendant even when that appointment results in no cost to the state. The petitioner, who previously fired two well-qualified court-appointed attorneys, may still avail himself of the assistance of court-appointed counsel.
The petition for a writ of prohibition is due to be denied.
PETITION DENIED.
All the Judges concur, except LONG, J., who recuses. *Page 278