TAYLOR, Presiding Judge.
The State of Alabama filed this petition for a writ of prohibition against the Honorable Alfred Bahakel, circuit judge for the Tenth Judicial Circuit, after Judge Bahakel prohibited the state from introducing deposition testimony from Margaret Crossman and her two codefendants taken during proceedings in a civil workers’ compensation action and videotaped surveillance evidence of Cross-man that related to the same action. Cross-man was charged with theft of property in the first degree, attempted theft of property in the first degree, and conspiracy. The criminal charges arose out of the theft of workers’ compensation checks from Traveler’s Insurance Company, fraudulent representations to Traveler’s Insurance Company regarding her assisted living expenses, and reimbursement by Traveler’s for massages she claimed to have received as a result of her on-the-job injury. Crossman filed pretrial motions to exclude the deposition testimony and the surveillance evidence. Judge Bahakel granted Crossman’s motions and ruled that the deposition evidence was admissible for limited purposes of impeaching Crossman if she testified at trial. Judge Bahakel ruled that the surveillance evidence was irrelevant and would unduly burden the court and the jury. The State then filed a motion to reconsider, which the trial court denied. This petition for the writ of prohibition followed.
A writ of prohibition is the complement to a writ of mandamus. The purpose of the writ, as defined in Black’s Law Dictionary, is “[t]o confine inferior courts to their proper jurisdiction and to prevent them from acting without or in excess of their jurisdiction; it is preventive in nature rather than corrective.”
Initially, we must determine whether a petition for a writ of prohibition is the correct method by which to seek review of this claim. The writ of prohibition has been characterized as follows:
“ ‘A writ of prohibition is an extraordinary writ which is to be employed with extreme caution and used only in eases of extreme necessity. Ex parte State Dep’t of Mental Health & Mental Retardation, 536 So.2d 78 (Ala.Civ.App.1988); see also Ex parte Perry County Board of Education, 278 Ala. 646, 180 So.2d 246 (1965). Prohibition is not a favored writ and will not issue unless there is no other adequate remedy. Ex parte Strickland, 401 So.2d 33 (Ala.1981); Barber Pure Milk Co. of Montgomery, Inc. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So.2d 693 (1963); Ex parte Burch, 236 Ala. 662, 184 So. 694 (1938). The petition for the writ “properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction.” Ex parte City of Tuskegee, 447 So.2d 713, 716 (Ala.1984). The writ is preventive rather than corrective and is utilized to prevent the usurpation of excessive jurisdiction by a judicial tribunal. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961); see also Mental Health, supra. Issuance of a writ of prohibition lies within the discretion of the court, and the writ is granted or withheld according to the nature and circumstances of the case, not as a matter of right. Barber, supra; Dear v. Peek, 261 Ala. 137, 73 So.2d 358 (1954). “Prohibition is the proper remedy to intercept and put an end to usurpation of jurisdiction.” Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940).’ ”
Ex parte Moody, 681 So.2d 276, 276-77 (Ala.Cr.App.1996), quoting, Ex parte Shoemaker, 644 So.2d 958, 959 (Ala.Civ.App.1993), rev’d, 644 So.2d 961 (Ala.), on remand, 644 So.2d 966 (Ala.Civ.App.1994).
Crossman contends that this petition should be dismissed because, she says, the state could have appealed from the trial court’s ruling on the motion but did not. Rule 4, Ala.R.App.P. However, the state contends, and Crossman does not refute, that they did not receive notice that the motions *819 had been granted unt£ approximately six months after the last motion was filed and ruled upon. As the Alabama Supreme Court stated in Guaranty Funding Corp. v. Bolling, 288 Ala. 319, 260 So.2d 589, 596 (Ala.1972):
“[T]he answer does not contain a denial of any of the faets stated in the petition for mandamus, not does it contain averments of other faets sufficient in law to defeat the petitioner’s application. It follows that the averments of fact in the petition for mandamus ... will be taken as true. — State ex rel. St. Peter’s M. Baptist Church v. Smith, [215 Ala. 449, 111 So. 28] Ex parte Cullinan, [224 Ala. 263, 139 So. 255]”
In order to prevail on a petition for a writ of prohibition, the petitioner must show: (1) that there has been an usurpation or abuse of power, (2) that there is no other adequate remedy at law, (3) that the petitioner has suffered injury and (4) that the question has been presented to the inferior court. Barber Pure Milk Co. v. Alabama State Milk Control Bd., 274 Ala. 563, 150 So.2d 693 (Ala.1963).
The state has satisfied these requirements. The videotaped surveillance evidence of Crossman’s daily activities showed her performing normal daily activities with no difficulties and showed that she was not receiving the assisted living services that she was claiming. The evidence is admissible. The tapes refuted Crossman’s contention that she was seriously injured when she was receiving her workers’ compensation benefits. This evidence is relevant to establish that Crossman committed the thefts of benefits and services by deception.
The Alabama Supreme Court and this court have held that videotapes may be received into evidence where the proponent of the evidence has established both the necessary foundation and the accuracy and authenticity of the recording. Ex parte Rieber, 663 So.2d 999 (Ala.), cert. denied, — U.S. — , 116 S.Ct. 531, 133 L.Ed.2d 437 (1995); Robinson v. State, 621 So.2d 389 (Ala.Cr.App.1993).
In Ivie v. Winfield Carraway Hospital, 678 So.2d 1190 (Ala.Civ.App.1996), the Court of Civil Appeals, in determining the admissibility of surveillance evidence in a workers’ compensation action, stated:
“A videotape ‘is admissible if it is relevant and if it is properly authenticated and identified.’ C. Gamble, McElroy’s Alabama Evidence, § 123.06 (4th ed. 1991); ... Holder, the security employee for Carraway who filmed the videotapes, testified regarding his observations of Ivie and the authenticity of the videotaped excerpts offered into evidence. Ivie has simply failed to show error in this regard.”
Ivie, 678 So.2d at 1193-94.
The previous deposition testimony of Crossman is likewise admissible. The deposition was taken approximately three months before the case was brought to the attention of the district attorney’s office. When the depositions were taken, no criminal action had been commenced.
As this court stated in Deutcsh v. State, 610 So.2d 1212 (Ala.Cr.App.1992):
“Deutcsh contends that the admission into evidence of testimony he gave in a deposition in a civil case constituted inadmissible hearsay and resulted in reversible error.
“At trial, the prosecution was allowed to introduce into evidence, over objection, a portion of the sworn testimony Deutcsh had given in his deposition in a civil case in federal court on November 13, 1990. The trial judge permitted this testimony because ‘knowledge’ was an essential element of the offense charged in the indictment. R. 1142.
“Deutcsh’s statements were admissible as an exception to the hearsay rule. Kuenzel v. State, 577 So.2d 474, 512 (Ala.Cr.App.1990), affirmed, 577 So.2d 531 (Ala.), cert. denied, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991). ‘The rule is that the acts, declarations, and demeanor of an accused, before or after an offense, whether a part of the res gestae or not, are admissible against him, but, unless a part of the res gestae, are not admissible for him.’ Shadle v. State, 280 Ala. 379, 384, 194 So.2d 538, 542 (1967); Atchley v. State, 393 So.2d 1034, 1050-51 (Ala.Cr.App.1981). *820 See also Edwards v. State, 34 Ala.App. 373, 375, 40 So.2d 103, 104 (1949) (in prosecution for bigamy, defendant’s statements in equity case admissible as admissions or declarations against interest). ‘Inculpato-ry statements voluntarily made by defendant are admissible against him,’ even where those statements appear in a transcript of the defendant’s trial testimony against his codefendant. Green v. State, 24 Ala.App. 235, 236, 133 So. 739 (1931). See also Coplon v. State, 15 Ala.App. 331, 337, 73 So. 225, 228 (1916), cert. denied, 199 Ala. 698, 74 So. 1005 (1917) (defendant’s testimony before grand jury as a witness against another admissible against defendant).”
610 So.2d at 1235.
Crossman relies on the case of United States v. Handley, 591 F.Supp. 1257 (N.D.Ala.1984), which, she contends, in the response to this petition that “depositions taken in a civil action are not admissible in the subsequent criminal prosecution as same would violate the defendant’s constitutionally granted right against self-incrimination.” However, the judgment of the district court was reversed on the very issue raised in this petition in United States v. Handley, 763 F.2d 1401 (11th Cir.), cert. denied, 474 U.S. 951, 106 S.Ct. 318, 88 L.Ed.2d 301 (1985). The Eleventh Circuit in Handley held that the depositions taken in civil actions were admissible in subsequent criminal actions. Furthermore, as the Alabama Supreme Court noted in Preferred Risk Mutual Insurance Co. v. Ryan, 589 So.2d 165, fn. 2 (Ala.1991): “Decisions of federal courts other than the United States Supreme Court, though persuasive, are not binding authority on this Court.” Handley, therefore, has no application to the facts presented here.
Also, the deposition evidence of code-fendants is admissible in some situations. The first situation in which this type of evidence would be admissible are contemplated by Rule 801(d)(1), Ala.R.Evid., which states:
“The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declar-ant’s testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declar-ant’s testimony and is offered to rebut an express or implied charge against the de-clarant of recent fabrication or improper influence or motive.”
The second instance in which a code-fendant’s deposition would be admissible would be if it constituted a statement against interest and the declarant was unavailable as a witness. Rule 804(b)(3), defines a statement against interest as follows:
“A statement which was at the time of its making so contrary to the declarant’s pecuniary or proprietary interest that a reasonable person in the declarant’s position would not have made the statement unless believing it to be true.”
The trial court erred in granting Cross-man’s motions to exclude the above evidence. For the foregoing reasons, this petition is due to be granted.
PETITION GRANTED.
All the Judges concur.