The petitioner, Rickey Troy Bridges, filed this petition for a writ of mandamus directing Judge Joseph S. Johnston to transfer to the presiding judge of the Mobile Circuit Court Bridges's motion to reconsider his sentence. For the reasons indicated, we are treating Bridges's petition as one for a writ of prohibition.
In 1989, Bridges was convicted of robbery in the first degree and was sentenced to life imprisonment without the possibility of parole under the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975 ("the HFOA"). Judge Robert L. Byrd, Jr., conducted the sentencing hearing in 1989. Judge Byrd retired effective January 2, 1997. In October 2004, Bridges filed a motion to reconsider and reduce his sentence based on an amendment to the HFOA effective May 25, 2000. This motion was assigned to Judge Joseph Johnston, who was appointed to fill Judge Byrd's vacancy. On November 4, 2004, Judge Johnston issued an order setting the motion for a hearing on December 3, 2004. Before the scheduled hearing, Bridges sent Judge Johnston a facsimile transmission of a copy of this Court's opinion in Bulger v. State,904 So.2d 219 (Ala.Crim.App. 2004). On the morning of the scheduled hearing Bridges filed this extraordinary petition. Bridges also moved that we stay all action in the circuit court pending the resolution of this petition. We granted the motion for a stay and allowed the respondents 21 days to answer the allegations contained in Bridges's petition.
Bridges asks that we issue this writ to prevent Judge Johnston from assuming a jurisdiction that Bridges argues he does not possess — jurisdiction, Bridges argues, rests solely with the presiding judge of the Mobile Circuit Court. Judge Johnston has responded that it is the custom of the Mobile Circuit Court to assign all matters that were formerly assigned to a judge to that judge's successor in office. He further asserts that, "As a matter of practicality, this practice helps ensure that the docket of the Presiding Judge does not become unnecessarily crowded or delayed."[1] Judge Johnston also contends Bridges cannot satisfy the prerequisites for the issuance of a writ of mandamus. Judge Johnston does not dispute Bridges's rendition of the facts.
Because the issue in this case is whether the circuit court exceeded the scope of its jurisdiction, we treat this petition as a petition for a writ of prohibition. We consider the petition according to its substance and not its style. See Ex parteDeramus, 882 So.2d 875 (Ala. 2002). The Alabama Supreme Court inEx parte Maye, 799 So.2d 944, 947 (Ala. 2001), stated the following concerning a writ of prohibition:
 "`"A writ of prohibition is an extraordinary writ which is to be employed with extreme caution and used only in cases of extreme necessity. Ex parte State Dep't of Mental Health Mental Retardation, 536 So.2d 78 (Ala.Civ.App. 1988); see also Ex parte Perry County Board of Education, 278 Ala. 646, 180 So.2d 246 (1965). Prohibition is not a favored writ and will not issue unless there is no other adequate remedy. Ex parte Strickland, 401 So.2d 33 (Ala. 1981); Barber Pure Milk Co. of Montgomery, Inc. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So.2d 693 (1963); Ex parte Burch, 236 Ala. 662, 184 So. 694 (1938). The petition for the writ `properly tests jurisdiction, and lies *Page 34 
when a court acts in excess of its jurisdiction.' Ex parte City of Tuskegee, 447 So.2d 713, 716 (Ala. 1984). The writ is preventive rather than corrective and is utilized to prevent the usurpation of excessive jurisdiction by a judicial tribunal. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961); see also Mental Health, supra. Issuance of a writ of prohibition lies within the discretion of the court, and the writ is granted or withheld according to the nature and circumstances of the case, not as a matter of right. Barber, supra; Dear v. Peek, 261 Ala. 137, 73 So.2d 358 (1954). `Prohibition is the proper remedy to intercept and put an end to usurpation of jurisdiction.' Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940)."'
 "Ex parte Moody, 681 So.2d 276, 276-77
(Ala.Crim.App. 1996), quoting Ex parte Shoemaker, 644 So.2d 958, 959 (Ala.Civ.App. 1993), rev'd, 644 So.2d 961 (Ala.), on remand, 644 So.2d 966
(Ala.Civ.App. 1994)."
"Such a petition properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction." Ex parte City ofTuskegee, 447 So.2d 713, 716 (Ala. 1984). Thus, the standard of review for a petition for a writ of mandamus does not apply in this case. We apply the standard discussed by this Court inState v. Crossman, 687 So.2d 817, 819 (Ala.Crim.App. 1996):
 "In order to prevail on a petition for a writ of prohibition, the petitioner must show: (1) that there has been an usurpation or abuse of power, (2) that there is no other adequate remedy at law, (3) that the petitioner has suffered injury and (4) that the question has been presented to the inferior court. Barber Pure Milk Co. v. Alabama State Milk Control Bd., 274 Ala. 563, 150 So.2d 693 (Ala. 1963)."
In 2000, § 13A-5-9.1, Ala. Code 1975, was adopted as part of the HFOA. This section states:
 "The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
When addressing the adoption of § 13A-5-9.1, the Alabama Supreme Court in Kirby v. State, 899 So.2d 968, 971 (Ala. 2004), stated:
 "The plain language of § 13A-5-9.1 does not require that an inmate have a case pending before the circuit court in order for the inmate to file a motion for reconsideration of his or her sentence, nor does it require that the inmate invoke a particular rule of criminal procedure. Rather, § 13A-5-9.1 provides that an inmate may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the HFOA and provides that the court is to consider the evaluation of the DOC in considering the inmate's motion. Section 13A-5-9.1
clearly confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of § 13A-5-9 retroactively to `nonviolent convicted offender[s]' and by providing the procedure by which the provisions of the statute are to be applied.
 "Normally, a trial court loses jurisdiction to modify a sentence in a criminal case if a request for modification is not filed within 30 days of sentencing. Massey v. State, 587 So.2d 448
(Ala.Crim.App. 1991). By requiring in § 13A-5-9.1 *Page 35 
that the provisions of § 13A-5-9 are to be applied retroactively, however, the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced. Thus, Kirby did not file what the Court of Criminal Appeals referred to as `a simple motion, not recognized by the Rules of Criminal Procedure.' Instead, he filed a motion pursuant to a statute that directs the reconsideration of his sentence. Therefore, once Kirby filed his motion, the trial court had the authority to proceed with consideration of the motion. Clearly, the Legislature has the power to vest circuit courts with the authority to reopen a case that had previously been deemed closed and in which the court's decision was deemed final. See Ex parte Jenkins, 723 So.2d 649, 660 (Ala. 1998)."
This Court in Bulger v. State, 904 So.2d 219, 221
(Ala.Crim.App. 2004), citing § 13A-5-9.1, Ala. Code 1975, and the Supreme Court's holding in Kirby, stated:
 "Section 13A-5-9.1 specifically provides for the reconsideration of a sentence `by the sentencing judge or presiding judge.' As the Supreme Court held in Kirby, `[s]ection 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively.' 899 So.2d at 972. Although normally a trial court loses jurisdiction to modify a sentence more than 30 days after sentencing, by enacting § 13A-5-9.1, `the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced.' Kirby, 899 So.2d at 971 (emphasis added)."
According to § 13A-5-9.1, Ala. Code 1975, the Supreme Court's holding in Kirby, and this Court's holding in Bulger, Bridges has established that the presiding judge of the Mobile Circuit Court is the only judge with jurisdiction to consider his motion for reconsideration of his sentence. Therefore, Bridges has established the first prerequisite for the issuance of a writ of prohibition.
Also, Bridges has established that there is no other remedy at law. If Judge Johnston were to consider and act on the motion for reconsideration of Bridges's sentence he would be exceeding the scope of his jurisdiction, and his action would be void. A void judgment will not support an appeal. See Ex parte McWilliams,812 So.2d 318 (Ala. 2001). Therefore, review by this extraordinary petition is Bridges's only remedy.
However, Bridges must also show that he has presented the issue to the inferior court before filing this extraordinary petition. The Alabama Supreme Court in Ex parte State ex rel. Knight,229 Ala. 513, 158 So. 317 (1934), stated the following concerning the requirement of presentment to the inferior court as a prerequisite to the issuance of a writ of prohibition:
 "Undoubtedly the general rule obtaining in many jurisdictions would seem to require that, before resort is had to the extraordinary writ of prohibition, application should ordinarily first be made to the court, or judge, for relief. This general rule has been applied here.
 "But the courts generally recognize that this rule, like many other rules, has its exceptions. The exception is thus stated in 50 Corpus Juris, § 98, p. 697: `The rule is not jurisdictional but one of discretion, and, in its application, is subject to exceptions. Thus it has been held inapplicable to ex parte proceedings; or to proceedings in which applicant for the writ had no opportunity to object; or where it is apparent that an *Page 36 objection to the lower court would have been unavailing and futile, or would result in unnecessary, or hurtful delay. . . .' (Italics supplied.)"
229 Ala. at 516, 158 So. at 319-20. The Alabama Supreme Court recognized this exception in Ex parte State ex rel. Knight; the inferior court in that case was adamant in its answer to the petition that it had the challenged jurisdiction. In Ex parteWilson, 269 Ala. 263, 112 So.2d 443 (1959), the Alabama Supreme Court applied this exception; the circuit court in that case maintained that it had not exceeded its jurisdiction. In Donahoov. St. John, 253 Ala. 604, 46 So.2d 420 (1950), the Supreme Court also applied this exception; in that case the issue of the trial judge's lack of jurisdiction had been informally presented to the lower court and it was clear what the lower court's ruling would be had the issue been formally presented.
Judge Johnston in his answer to this petition states: "The trial court has never refused to act, because the petitioner has never filed a motion, either oral or otherwise, that would have give the trial court the opportunity to act." No one disputes that no oral or written motion to transfer the sentencing motion to the presiding judge was filed in the circuit court. The day before the scheduled hearing Bridges's attorney sent Judge Johnston a facsimile transmission of a copy of this Court's opinion in Bulger v. State. The attorney also attached a cover sheet to this facsimile transmission. The cover sheet contains the following statement: "I have attached the case I spoke with [Judge Johnston's judicial assistant] about. I came across it rather by coincidence about an hour ago and I felt I should pass it on and let y'all look at it and see if you think it will impact the hearing tomorrow."
Bridges has failed to establish the last prong necessary for the issuance of this writ — he has failed to show that this issue was first presented to the circuit court for its consideration. Nor is there any indication from the documents that have been filed with this Court that one of the exceptions recognized by the Alabama Supreme Court in Ex parte State ex rel. Knight
applies in this case. Judge Johnston's answer does not indicate that he will not apply the holding announced by the Supreme Court in Kirby and applied by this Court in Bulger if that issue is presented to him.
For the foregoing reasons, this petition is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] The majority of circuit courts in this state follow this same practice, as does this Court.