BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief.
The appellant, Conny Howard, was convicted of robbery in the first degree and was sentenced to imprisonment for life without parole as a habitual felony offender in July 1990. That conviction was affirmed by this Court in an unpublished memorandum opinion issued March 15, 1991. See Howard v. State, 579 So.2d 711 (Ala.Cr.App.1991) (Table).
The petition challenging that conviction alleges the following grounds: 1) ineffective assistance of trial counsel; 2) the trial court was without jurisdiction because the trial judge was a district judge, not a circuit judge; 3) the sentence of imprisonment for life without parole is not authorized by law because two of the prior convictions used to enhance his sentence (criminal mischief and theft of property) arose out of the same conduct and were not separate convictions; 4) selective enforcement of the Habitual Felony Offender Act; 5) newly discovered evidence that appellant’s trial counsel, after having represented the appellant, accepted an appointment to represent the appellant’s codefendant and during that representation obtained “vital” information that would “completely exonerate” the appellant; 6) “the testimony of several critical witnesses is recorded in the wrong sequence in the trial transcript”; and 7) highly prejudicial prosecutorial misconduct. The circuit court denied the petition after an evidentiary hearing. The findings of the circuit court are attached as an appendix to this opinion.
The appellant raises four issues on this appeal.
I.
The post-conviction court addressed each of the issues raised in the petition and found them to be without merit. Those findings are supported by the record. The petition was properly denied for the reasons stated by the post-conviction court in its order of March 11, 1992.
As to the second ground stated in the petition, we note that Rule 13(A), Alabama Rules of Judicial Administration, specifically provides that the “presiding circuit judge may temporarily assign circuit or district judges to serve either within the circuit or in district courts within the circuit.”
II.
The findings of the post-conviction court regarding the issue of ineffective assistance of trial counsel are stated in parts 6(a) through 6(f) of its written order denying the petition. Those findings are supported by the record. The appellant has failed to meet the burden of Strickland v. *1145 Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Ill and IV.
Three people were indicted for the robbery for which the appellant was connected: the appellant, Kelvin Williams, and Archie McGhee. At trial, Williams testified against the appellant. However, at the post-conviction hearing, Williams recanted his trial testimony and testified that he was coerced into testifying against the appellant at trial.
Codefendant McGhee fled after the robbery and was not apprehended until after the appellant’s trial. At the post-conviction hearing, the court refused to permit McGhee to testify. The appellant alleges that this was error and that he is entitled to a new trial based on the exculpatory testimony of both Williams and McGhee.
The petition was filed on December 2, 1991. The hearing was held on January 8, 1992. At the beginning of that hearing, appellant’s counsel announced that code-fendant Williams “came into our office January the 6th and informed us that he’s going to recant his testimony at the trial.” R. 172-73. The assistant district attorney objected “to them putting on this sort of late date surprise type witness.” The court sustained the objection and McGhee was not allowed to testify.
Appellant’s counsel subsequently made an offer of proof of McGhee’s expected testimony:
“This is Archie McGhee and what we expect he would testify to is that he was the codefendant in the robbery that Con-ny Howard was tried, convicted for and that he was arrested after Conny Howard had been convicted and after Kelvin Williams had been sentenced and after the appeal process had been exhausted in the Conny Howard case. We expect that he would testify that Conny Howard was not involved in the robbery. That there were only two people involved in the robbery, himself and Kelvin Williams. And that the Sheriff, ... Hulett, after he was arrested, tried to get him to make a statement saying that Conny Howard was involved in the robbery. And then again, Conny Howard was not involved in the robbery.” R. 205.
At the post-conviction hearing codefend-ant Williams testified that he lied at trial, that the appellant did not rob the store, and that he (Williams) and McGhee “robbed that store.” R. 191. Williams also testified that he was a “well-known liar.” However, he stated that he “got saved,” apparently by his grandmother, and because he “felt guilty” decided to tell the truth and just walked into the office of the appellant’s attorneys to admit his sin. He further testified that he went to talk to a lawyer about this and the lawyer just happened to be the appellant’s attorney. Although the credibility of witnesses is not for an appellate court, Williams’s testimony was absolutely incredible.
At th,e hearing, Lowndes County Sheriff John Hulett testified and, in effect, denied ever attempting to coerce anyone to incriminate the appellant.
In this Court’s unpublished memorandum affirming the appellant’s conviction (Howard v. State, 579 So.2d 711 1991), the following account of the facts is found:
“The evidence at trial tended to show that on September 11, 1989, at approximately 3:00 p.m. the appellant went to the Speedy-C store located at the intersection of U.S. Highway 80 and Alabama Highway 97 at Lowndesboro, Alabama. While at the store he asked the clerk for a cup of ice; after getting the ice he left the store. Thereafter, he took his wife to work, dropped her off, and left in her car. Later that same day, he contacted Kelvin 'Caveman’ Williams, and another man known only as Shorty [identified as McGhee at the post-conviction hearing]. The three men then conspired to perpetrate an armed robbery at the Speedy-C store. The appellant was characterized during the trial as the ‘wheelman and brains behind the robbery.’
"... The gun used was a small .25 semi-automatic pistol owned by appellant’s wife, which she usually kept in the trunk of her car. The appellant remained in the vehicle while Williams and *1146 ‘Shorty’ committed the robbery and picked them up as they fled from the store with approximately $1,000.00. The trio then went to the appellant’s trailer in rural Lowndes County and divided up the money.”
On direct appeal, the appellant’s only contention was that the testimony of the admitted accomplice Williams was not corroborated. In addressing that issue, this Court wrote:
“Using the ‘substruction process,’ the facts at trial tended to show: 1) that appellant was in the company of Williams only an hour or so before the robbery occurred[,] [according to the testimony of ... Williams’s brother. 2) Appellant and Williams attempted to borrow a pistol from Williams’s brother. This fact was also testified to by Williams’s brother. 3) Ms. McCall, the clerk of the store at the time of the robbery recognized Kelvin Williams as one of her assailants. 4) An employee of the Lowndes County jail who was on duty on a date and at a time when both the appellant and Kelvin Williams were incarcerated for the robbery, testified that the appellant attempted to induce her to relay instructions to Kelvin Williams, to not say anything about the robbery; ‘don’t say nothing about what happened, what went down. If his probation officer or sheriff come to talk to him, don’t say anything about what happened.’ ”
The standard for granting a motion for new trial alleging perjured testimony is set forth in Ex parte Frazier, 562 So.2d 560, 569-70 (Ala.1989). “In order to grant a motion for new trial alleging perjured testimony, the trial court must be reasonably well satisfied [on four points, including] 1) that testimony given by a witness at trial was false [and] 2) that there is a significant chance that had the jury heard the truth, it would have reached a different result....” The appellant has totally failed to satisfy these two elements of the Frazier test. Rule 32.3, A.R.Crim.P., provides that “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” In Frazier, the Alabama Supreme Court stated that “a presumption of correctness will continue to be indulged in favor of the trial court’s factual findings, and the trial court’s ruling on the motion will be upheld on appeal unless it is clearly erroneous.” 562 So.2d at 570.
Review of the records of both the appellant’s trial and the post-conviction hearing convinces this Court that the appellant has failed to sustain his burden of proof. His evidence is totally unconvincing. There is no “significant chance that if the jury had been afforded the opportunity to consider this new information in conjunction with all the other evidence introduced at trial, it would have reached a different result.” Frazier, 562 So.2d at 571 (footnote omitted).
In reaching this conclusion, we recognize that the post-conviction court probably erred in refusing to allow codefendant McGhee to testify at the hearing. “It is believed that there is no general principle of law in Alabama which authorizes or requires a trial judge, either absolutely or in his discretion, to reject an offer of evidence solely on the ground that the party against, whom the evidence is offered would be surprised thereby, fairly or unfairly.” C. Gamble, McElroy’s Alabama Evidence § 21.01(5) (4th ed. 1991). However, any error was harmless.
McGhee’s testimony would have been cumulative to Williams’s testimony that the appellant did not participate in the robbery. There was evidence presented at trial that the appellant attempted to tell Williams “don’t say nothing about what happened, what went down.” At the post-conviction hearing, the appellant’s trial attorney testified that the appellant gave him two different alibis. The post-conviction court found that “the petitioner gave his attorney two different and conflicting alibi defenses during the course of the trial preparation.” CR. 32.
“[W]here the newly discovered evidence is in the form of a recantation by a witness the courts, with their experience with wit *1147 nesses, generally pay but little regard to the statements of the recanting witness, and only in extraordinary and unusual cases will a new trial be allowed because of the recanting statements.” Wallace v. State, 41 Ala.App. 65, 69, 124 So.2d 110, 113-14, cert. denied, 271 Ala. 701, 124 So.2d 115 (1960). “Repudiated testimony, especially where admitted to be perjured, is to be regarded with suspicion and caution.” Pitts v. State, 360 So.2d 736, 740 (Ala.Cr. App.1978).
The denial of the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.
APPENDIX
State of Alabama VS. Conny Howard
AIS#159593
In the Circuit Court of
Lowndes County, Alabama
Case No. CC 90-25 .
ORDER OF THE COURT
This cause came on to be heard on the Petition for Relief from Conviction or Sentence, Pursuant to Rule 32, Alabama Rules of Criminal Procedure, and the Answer of the State of Alabama by and through Van C. Gholston, District Attorney of the Second Judicial Circuit. The Petition was set for hearing on Wednesday, the 8th day of January, 1992, and the Petitioner appeared at the hearing in person and represented by his Counsel of Record, Honorable Leonard Arrington, a practicing attorney in Montgomery, Alabama. The Court heard the testimony presented by the petitioner/defendant and the State of Alabama and sets down the following findings of fact:
1.That the petitioner/defendant was properly sentenced under the Alabama Habitual Offender Act. The Court takes judicial knowledge of the fact that the Court file contains a pre-sentence report that shows that the petitioner had three felony convictions prior to the conviction in this case, and further that the court file contains a copy of a notice filed by the District Attorney and served on the petitioner’s attorney, prior to sentencing, which states that the State intends to proceed against the petitioner as a habitual offender based on his three prior felony convictions. In addition, the Court finds that the Petitioner’s claim that the Habitual Offender Act was selectively or improperly applied against him is procedurally barred under Rule 32.2(a)(3) and (5) because it was not raised at trial or on appeal and the Petitioner does not contend that counsel was ineffective for failing to raise this claim;
2. That the Petitioner’s claim of prose-cutorial misconduct is procedurally barred under Rule 32.2(a)(3) and (5) because it was not raised at trial or on appeal and the Petitioner does not contend that counsel was ineffective for failing to raise this claim;
3. That the Court takes judicial knowledge of his appointment to serve as Circuit Judge in this case and further, takes judicial knowledge of the written Order, contained in the Court file, in which presiding Circuit Judge Arthur E. Gamble, Jr., appoints District Judge A. Ted Bozeman to try criminal cases during the week that this case was tried in Lowndes County;
4. That there was no evidence of the Sheriff of Lowndes County ever going into the jury room with the jury at any time during the course of the trial of this case;
5. That the transcript of the trial proceedings lists the witnesses in proper order and is otherwise in proper form.
6. That the petitioner’s attorney, Harold L. Wilson, has been practicing law since 1979; he has tried 50-100 criminal jury trials in Lowndes County; he counseled with the petitioner approximately ten hours prior to trial; he requested and received a preliminary hearing in this case and that he filed a discovery motion and received discoverable evidence and other evidence from the State;
*1148 a. That the petitioner gave his attorney two different and conflicting alibi defenses during the course of the trial preparation;
b. That the witnesses the petitioner alleges his attorney should have called at trial, would have offered testimony that would have been inconclusive, confusing, consistent with the petitioner’s guilt, and insufficient to justify the attorney having called them. The Court further finds that the attorney’s failure to call such witnesses was a reasonable trial tactic and strategic decision;
c. That the petitioner has made no pri-ma facie showing that any member of the venire was struck by the State on the basis of race. The evidence is uncontested that the State struck the jury in this case on a race-neutral basis and that the jury that heard this case was probably all black;
d. That the petitioner’s attorney acted properly in not requesting the Court to charge the jury on corroboration as that is a question of law for the Court to determine and not a question of fact for the jury;
e. That Harold Wilson was not laboring under a conflict of interest during his representation of the petitioner. The Petitioner has made no showing of “inconsistent interests” as required under Smith v. White, 815 F.2d 1401 (11th Cir.1987). The Court notes that Harold Wilson’s representation of the petitioner in this case not only preceded his representation of the petitioner’s co-defendant, Archie McGhee, but also was complete in the sense that no attorney-client relationship existed between Harold Wilson and the petitioner at the time Harold Wilson undertook representation of Archie McGhee. No conflict of interest is present under the facts and circumstances of this case;
f. That Harold Wilson represented the petitioner in a professionally reasonable and responsible manner and the petitioner was not prejudiced by his attorney’s actions in this case.
WHEREFORE, the above premises considered, it is the Court’s opinion that the petitioner/defendant is not entitled to the relief prayed for and the Petition for Relief from Conviction or Sentence is due to be denied and dismissed with prejudice;
It is therefore ORDERED, ADJUDGED and DECREED by the Court that said Petition be and the same is hereby denied and dismissed with prejudice.
It is further ORDERED by the Court that a copy of this Order be sent to Counsel for the Defendant, Hon. Leonard Arring-ton, 517 Rosa L. Parks Avenue, Montgomery, Alabama 36108.
DONE this the 11 day of March, 1992.
7s/ A. Ted Bozeman A. TED BOZEMAN Presiding Judge of said Court