Arthur Brennan Malloy appeals the circuit court's summary denial of what he styled as a petition for a writ of mandamus.
Malloy filed his petition on November 12, 2003. In his petition, Malloy alleged that he had been sentenced to life imprisonment without the possibility of parole under the Habitual Felony Offender Act ("the HFOA"); that he was a nonviolent offender with no prior Class A felony convictions; and that, therefore, pursuant to § 13A-5-9.1, Ala. Code 1975, making retroactive an amendment to the HFOA effective May 25, 2000, he was entitled to have his sentence reconsidered. Malloy requested that the circuit court order the Department of Corrections ("the DOC") and the Board of Pardons and Paroles ("the Board") to comply with § 13A-5-9.1 by evaluating his conduct while in prison and submitting that evaluation to the circuit court so that he could have his sentence reconsidered. The circuit court summarily denied the petition on February 20, 2004.
In Kirby v. State, 899 So.2d 968 (Ala. 2004), the Alabama Supreme Court held that a motion filed pursuant to § 13A-5-9.1
("a § 13A-5-9.1 motion") is the proper avenue for seeking reconsideration of a *Page 1050 
sentence under the 2000 amendment to the HFOA. The Court specifically stated that "[s]ection 13A-5-9.1 contemplates the availability of the circuit court to hear a motion seeking the implementation of that statute, and the Legislature has the power to vest the circuit courts with jurisdiction under these circumstances." Kirby, 899 So.2d at 971. The Court further held that "[w]hile the information available to the court in the DOC's evaluation will be helpful in making its determination, we conclude that the administration of § 13A-5-9 requires that if the DOC does not provide the evaluation in a timely fashion, the State will have waived any input as to the inmate's conduct while incarcerated that the sentencing judge or the presiding judge might otherwise have considered in determining whether the inmate is a nonviolent offender." 899 So.2d at 974-75. The Court's holding in Kirby implicitly overruled this Court's holding inRobinson v. State, 837 So.2d 882 (Ala.Crim.App. 2002) (Shaw, J., concurring in the result), that Rule 32, Ala.R.Crim.P., is the proper avenue for seeking implementation of § 13A-5-9.1, and that the evaluation contemplated by § 13A-5-9.1 is a prerequisite to reconsideration of a sentence.
In this case, Malloy's petition was styled as a petition for a writ of mandamus; however, in substance, his petition requests reconsideration of his sentence pursuant to § 13A-5-9.1.
 "[T]he mere mislabeling of a motion is not fatal. King Mines Resort, Inc. v. Malachi Mining Minerals, Inc., 518 So.2d 714, 718 (Ala. 1987). This Court has stated that it is `committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance.' King Mines Resort, 518 So.2d at 718; see also Lockhart v. Phenix City Inv. Co., 488 So.2d 1353 (Ala. 1986), and Sexton v. Prisock, 495 So.2d 581 (Ala. 1986). Further, the Court has held that `[t]he substance of a motion and not its style determines what kind of motion it is.' Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997)."
Ex parte Deramus, 882 So.2d 875, 876 (Ala. 2002). Thus, we treat Malloy's petition according to its substance, not its style — we treat it as a § 13A-5-9.1 motion.
Section 13A-5-9.1 specifically provides for the reconsideration of a sentence "by the sentencing judge or presiding judge." As the Supreme Court held in Kirby, "[s]ection 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively." 899 So.2d at 972. Although normally a trial court loses jurisdiction to modify a sentence more than 30 days after sentencing, by enacting § 13A-5-9.1, "the Legislature vested jurisdiction in the sentencing judge or thepresiding judge to reopen a case more than 30 days after a defendant has been sentenced." Kirby, 899 So.2d at 971
(emphasis added). Thus, a § 13A-5-9.1 motion must be filed in the court of original conviction, and only the sentencing judge or the presiding judge of that circuit has jurisdiction to review the motion.
In this case, Malloy filed his motion in the county of his conviction, Montgomery County. However, the judge who ruled on the motion, Judge William Shashy, was not the judge who sentenced Malloy nor is he the presiding judge of the circuit. Therefore, pursuant to § 13A-5-9.1, Judge Shashy had no jurisdiction to rule on Malloy's § 13A-5-9.1 motion, and his denial of the motion is void. We certainly do not fault Judge Shashy for issuing a ruling in a case which had been assigned to him instead of transferring the case to the appropriate judge, as he did not have the benefit of the Alabama Supreme *Page 1051 
Court's decision in Kirby at the time he did so. Nevertheless, a § 13A-5-9.1 motion can be considered only by the appropriate judge. In this case, the judge who sentenced Malloy is no longer a circuit court judge;[1] thus, Malloy's motion must be considered by the presiding judge.
Because a void judgment will not support an appeal, this appeal is due to be, and is hereby, dismissed. See, e.g., Madden v.State, 885 So.2d 841 (Ala.Crim.App. 2003). However, Malloy's motion still stands as filed in the Montgomery Circuit Court awaiting disposition. Therefore, we direct the Montgomery Circuit Court to treat Malloy's petition as a § 13A-5-9.1 motion and for the presiding judge to consider and rule on the motion. If Malloy wishes to appeal the ruling by the presiding judge, he must file a separate notice of appeal from that ruling.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] We take judicial notice that the judge who sentenced Malloy, Randall Thomas, is now retired.
 *Page 407