925 So.2d 290 (2005)
Ex parte Curtis SANDIFER.
In re State of Alabama
v.
Curtis Sandifer.
CR-04-1391.
Court of Criminal Appeals of Alabama.
December 16, 2005.
*291 Curtis Sandifer, petitioner, pro se.
Troy King, atty. gen., and Elizabeth Ray Butler and Marc A. Starrett, asst. attys. gen., for respondent.
PER CURIAM.
The petitioner, Curtis Sandifer, filed this petition for a writ of mandamus directing Judge James P. Smith to transfer his motion to reconsider his sentence, pending before Judge Smith, to the presiding judge of the Madison Circuit Court or to the judge who sentenced him. In 1987, Sandifer was convicted of robbery in the first degree; he was sentenced under the Habitual Felony Offender Act ("HFOA") to life imprisonment without parole. We affirmed his conviction and sentence. See Sandifer v. State, 535 So.2d 203 (Ala.Crim.App.1987).
In 2004, Sandifer moved that his sentence be reduced pursuant to § 13A-5-9.1, Ala.Code 1975  the recent amendment to the HFOA. Because the judge who sentenced Sandifer was no longer in office, the motion was assigned to Judge Smith. Judge Smith denied the motion; Sandifer appealed. By order dated March 29, 2005, we dismissed the appeal after finding that it was an appeal from a void judgment. We stated in our order that, with the absence of the sentencing judge, the appropriate judge to consider Sandifer's motion was the presiding judge of the circuit. Sandifer v. State (CR-04-0880, March 22, 2005) (unpublished order). The presiding judge of the Madison Circuit Court is Judge Bruce E. Williams.[1]
On March 31, 2005, Presiding Judge Williams issued an administrative order purporting to give Judge Smith the authority to consider, and to dispose of, all motions filed in the Madison Circuit Court pursuant to § 13A-5-9.1, Ala.Code 1975. On April 6, 2005, Judge Smith denied Sandifer's motion to reconsider his sentence. Sandifer then filed this mandamus petition.
By order dated June 29, 2005, we directed the State "to cite this Court to any authority that vests jurisdiction in a presiding judge, a judge who has been elected by a majority vote of his fellow circuit court judges, to appoint an acting presiding judge to consider certain business delegated to the presiding judge."
Initially, we observe that this case is correctly before this Court by way of a petition for a writ of mandamus. We reviewed a similar issue by means of a petition for a writ of mandamus in Ex parte Bridges, 905 So.2d 32 (Ala.Crim.App.2005).
The administrative order issued by Presiding Judge Williams assigning all motions filed pursuant to § 13A-5-9.1 to Judge Smith stated:
"By the authority vested in me as Presiding Circuit Judge under the provisions of Rule 13 of the Alabama Rules of Judicial Administration; Section 12-1-14.1, Code of Alabama; and the above case(s) having been assigned to me pursuant to Kirby v. State, 899 So.2d 968 (Ala.2004), I hereby ORDER that the Circuit Clerk shall reassign all motions for postjudgment relief filed pursuant to Rule 32, A.R.Crim.P.[[2]] and Section *292 13A-5-9.1, Code of Alabama, to the docket of Judge James P. Smith. Judge Smith, to whom such motions are assigned under the terms hereof, is the Judge presiding over such case and shall preside over such motions."
In response to this mandamus petition, the State asserts that Rule 13(A), Ala.R.Jud.Admin., and § 12-1-14.1(a), Ala. Code 1975, give Presiding Judge Williams the authority to appoint a special judge to preside over all motions to reconsider sentence. It further asserts that Presiding Judge Williams's order was an attempt to deal with the overwhelming number of cases that have been filed since the Supreme Court released it decision in Kirby v. State, 899 So.2d 968 (Ala.2004). The State has also attached copies of similar orders that have been issued by the presiding judges in Montgomery, Jefferson, and Mobile Counties.
Rule 13(A), Ala.R.Jud.Admin., states:
"The presiding circuit judge may temporarily assign circuit or district court judges to serve either within the circuit or in district courts within the circuit."
Section 12-1-14.1(a), Ala.Code 1975, which was added effective September 26, 2001, provides:

"At the request of the affected judge in a particular circuit, the presiding circuit court judge of the circuit may appoint and commission a special circuit court judge, special district court judge, or special judge of probate for temporary service. The person so appointed shall possess the qualifications of the judgeship to which he or she is appointed. The special judge shall qualify by taking the oath of office prescribed in the Constitution of Alabama of 1901. The appointment shall confer on the special judge all powers, authority, and jurisdiction of the judgeship to which he or she is appointed. The special judge shall not receive compensation for his or her services."
(Emphasis added.)[3] Section 12-1-14.1, Ala.Code 1975, does not replace § 12-1-14, Ala.Code 1975, but is "supplemental to Section 12-1-14." Section 12-1-14.1(c), Ala.Code 1975. Section 12-1-14, Ala.Code 1975, states:

"Should the need for special judges in the circuit court, district court or probate court arise, the Supreme Court may appoint and commission special circuit judges or special district court judges or special probate judges for temporary service; provided, however, that the person so appointed shall possess the qualifications of the judgeship to which he is appointed. Such special judges shall qualify by taking the oath of office prescribed in the Constitution. Such appointment shall confer on the special judge all powers, authority and jurisdiction of the respective judgeship to which he is appointed. Such special judge shall receive as compensation for *293 his services a sum not to exceed $100.00 a day as established by rule and reimbursement for his actual and necessary expenses, including, but not limited to, transportation costs, food and lodging, to be paid out of the State Treasury or, in whole or part, from grant funds on approval and direction of the Administrative Office of Courts."
(Emphasis added.)
In many cases, as was the situation in this case, the original sentencing judge is no longer in office; therefore, there is no judge to request that the presiding judge appoint a special judge. Also, § 12-1-14.1, Ala.Code 1975, does not address those situations in which a presiding judge has difficulty accomplishing the duties assigned to him or her by virtue of his or her status as presiding judge. The situation presented in this case is not addressed in § 12-1-14.1, Ala.Code 1975; therefore, we believe that § 12-1-14, Ala.Code 1975, controls. Section 12-1-14, Ala.Code 1975, states, in part: "Should the need for special judges in the circuit court, district court or probate court arise, the Supreme Court may appoint and commission special circuit judges or special district court judges or special probate judges for temporary service...."
The judges dissenting from the opinion rely on a statute and a rule that applies to appointing special judges rather than to reassigning to a sitting judge the duties of a presiding circuit judge. The Alabama Supreme Court has enacted rules governing the selection of presiding circuit judges. See Rule 6(A), Ala.R.Jud.Admin. According to Rule 6(A), Ala.R.Jud.Admin., if a circuit has more than one circuit judge, a presiding judge is elected by a majority vote of his or her fellow circuit judges to serve a three year term. See also § 12-17-23, Ala.Code 1975. Rule 6(A), Ala.R.Jud.Admin., also allows the Supreme Court, in certain situations, to elect a presiding judge. The Supreme Court has held that Rule 6(A), Ala.R.Jud.Admin., takes precedence over § 12-17-23, Ala. Code 1975, the statute addressing the election of presiding judges. See In re Opinion of the Clerk, 606 So.2d 138 (Ala.1992). Here, the effect of Presiding Judge Williams's administrative order was to appoint an acting presiding judge to dispose of business delegated to him by virtue of his position as the duly elected presiding judge of the Madison Circuit Court. There is no provision in Rule 6(A), Ala.R.Jud.Admin., that gives Judge Williams the authority to appoint such a special presiding judge.
Also, the Chief Justice has issued an administrative order addressing Kirby motions in Talladega County. In Talladega County the presiding judge, Judge Julian King, petitioned the Chief Justice of the Alabama Supreme Court to appoint a special judge to preside over all motions to reconsider sentences that were filed in that circuit. The Chief Justice's December 22, 2004, order in response to Presiding Judge King's petition stated the following facts:
"To the Honorable William E. Hollingsworth, Circuit Judge Talladega County, Alabama
"Whereas, Judge Julian M. King, Presiding Judge for the 29th Judicial Circuit of Alabama finds a need for a special judge to hear all petitions/motions filed pursuant to Kirby v. State, 899 So.2d 968 (Ala.2004), due to conflicts arising from previously serving as an Assistant District Attorney in the twenty-ninth judicial circuit and having participated in the prosecution of many of the defendants who may be affected by the holdings of such cases.
"Whereas, the Supreme Court of Alabama hereby authorizes and empowers *294 Williams E. Hollingsworth, a Circuit Judge in Talladega County, to act as a special judge to hear all cases of said matter."[4]
Most importantly, Presiding Judge Williams's administrative order assigning all Kirby motions to Judge Smith conflicts with § 13A-5-9.1, Ala.Code 1975, and the Supreme Court's decision in Kirby. Section 13A-5-9.1, Ala.Code 1975, states:
"The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."[5]
(Emphasis added.) The legislature chose to use the term "presiding judge" instead of "judge presiding over the case" or "sentencing judge's successor in office"; we assume that the legislature had its reasons for doing so. One explanation may be that the presiding judge of a particular circuit is the senior judicial officer in that particular circuit and exercises a general superintendence over his or her fellow judges. See § 12-17-24, Ala.Code 1975.
In Kirby v. State, the Alabama Supreme Court discussed the significance of § 13A-5-9.1, Ala.Code 1975, and stated:
"Normally, a trial court loses jurisdiction to modify a sentence in a criminal case if a request for modification is not filed within 30 days of sentencing. Massey v. State, 587 So.2d 448 (Ala.Crim. App.1991). By requiring in § 13A-5-9.1 that the provisions of § 13A-5-9 are to be applied retroactively, however, the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced....
"... Only the Legislature, within constitutional limits, has the authority to alter the jurisdiction of the circuit courts. Henderson v. State, 616 So.2d 406, 407-10 (Ala.Crim.App.1993). By passing a general act of statewide application, the Legislature can change the rules this Court has promulgated governing the administration of all courts. Ex parte Kennedy, 656 So.2d 365, 367 (Ala.1995). Section 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively.

". . . .

"Section 13A-5-9.1 directs the sentencing judge or the presiding judge to apply the provisions of § 13A-5-9 retroactively, thereby making the benefits of the 2000 amendment to the HFOA available to inmates who were sentenced pursuant to the HFOA before it was amended in 2000.
". . . .
"... It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, just as the judge evaluated those factors at the time the inmate was originally sentenced...."
899 So.2d at 971-74 (emphasis added).
This Court in Bulger v. State, 904 So.2d 219, 221 (Ala.Crim.App.2004), citing the Supreme Court's decision in Kirby, stated:

*295 "Section 13A-5-9.1 specifically provides for the reconsideration of a sentence `by the sentencing judge or presiding judge.' As the Supreme Court held in Kirby, `[s]ection 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively.' 899 So.2d at 972. Although normally a trial court loses jurisdiction to modify a sentence more than 30 days after sentencing, by enacting § 13A-5-9.1, `the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced.' Kirby, 899 So.2d at 971 (emphasis added)."
In Bulger we ultimately dismissed the appeal because the lower court's ruling was void  the circuit court judge who disposed of the motion to reconsider Bulger's sentence was neither the judge who sentenced Bulger nor the presiding judge of the circuit.
The Supreme Court in Kirby stated that a motion to reconsider a sentence in accordance with § 13A-5-9.1 should be considered by the presiding judge or the sentencing judge. As the Alabama Supreme Court stated in Ex parte James, 836 So.2d 813 (Ala.2002):
"This Court, as the Supreme Court of Alabama, has constitutionally grounded supervisory authority over the State courts of Alabama. Amendment 328, § 6.02(b), Ala. Const.1901, Amending Art. VI, § 140.... Accordingly, just as the United States Supreme Court is the final arbiter of federal law, ... the Supreme Court of Alabama is the final arbiter of Alabama law, with ultimate authority to oversee and rule upon the decisions of the lower State courts."
836 So.2d at 833-34 (footnote omitted).[6] Moreover, this court is bound by the decisions of our State's highest court. See § 12-3-16, Ala.Code 1975.
We know that Presiding Judge Williams issued the administrative order assigning all Kirby motions to Judge Smith out of a desire to maintain consistency and efficiency in the disposition of cases in the circuit over which he presides. We do not question his motives. However, we cannot agree with the dissenting judges that Rule 13(A), Ala.R.Jud.Admin., gives a presiding circuit judge the same power as the Chief Justice of the Alabama Supreme Court to appoint judges.[7] The Chief Justice is administrative head of the entire Alabama judicial system by virtue of § 12-2-30, Ala. Code 1975. Moreover, Rule 6(A), Ala.R.Jud.Admin., as adopted by the Supreme Court, specifically allows for only two means of electing a presiding circuit judge: (1) by a majority vote of the circuit judges in the designated circuit; or (2) by the Alabama Supreme Court. We can find no statute or rule that gives a presiding circuit judge the authority to unilaterally appoint an acting presiding judge. While *296 we recognize that the conclusion reached in the dissenting opinions may be the more logical one, we are constrained to hold that Presiding Judge Williams had no authority to delegate his responsibilities as presiding circuit judge to another judge, a judge who had been neither elected by his fellow circuit judges nor appointed by the Alabama Supreme Court. If Presiding Judge Williams's administrative order did not assign the duties of a presiding judge to another sitting judge, we would reach a different result.
The instant situation is but one of the complications resulting from the Supreme Court's decision in Kirby. Accordingly, we urge the Alabama Supreme Court to revisit its decision in Kirby, particularly that portion relating to the right to appeal Kirby motions, in light of the fact that a question exists as to whether the grant or denial of Kirby motion is even appealable. We believe that the ultimate decision to resentence a defendant based on the amendment to the HFOA is a decision that is within the discretion of the circuit court and one that should not be subject to appellate review. Compare Gilmore v. State, 669 So.2d 239, 239 (Ala.Cr.App.1995) (granting probation is discretionary with the circuit court and not subject to appellate review). See also Prestwood v. State, 915 So.2d 580 (Ala.Crim.App.2005) (severely limits the issues this Court will consider on the appeal from the denial of a motion to reconsider a sentence).
In any event, we urge the Alabama Supreme Court to address the problems exemplified by this case at its earliest opportunity. For the foregoing reasons we are compelled to hold that Judge Smith had no jurisdiction to consider Sandifer's motion to reconsider his sentence. Sandifer is due the relief that he seeks in this mandamus petition. See Bridges, supra. Judge Smith is directed to transfer Sandifer's motion to reconsider his sentence to the presiding judge of the Madison Circuit Court  Judge Bruce Williams.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and BASCHAB, J., concur.
WISE, J., concurs specially, with opinion.
COBB, J., dissents, with opinion.
SHAW, J., dissents, with opinion, which COBB J., joins.
WISE, Judge (concurring specially).
I reluctantly concur with the conclusion in the main opinion that Presiding Judge Williams "had no authority to delegate his responsibilities as presiding circuit judge to another judge, a judge who had been neither elected by his fellow circuit judges nor appointed by the Alabama Supreme Court." 925 So.2d at 296. To hold otherwise would conflict with the actions of the Chief Justice of the Alabama Supreme Court in resolving a related matter from Talladega County. While I believe that it is only logical that Judge Williams should have the authority to issue the administrative order that forms the basis for this petition, neither § 12-1-14.1(a), Ala.Code 1975, nor Rule 13(A), Ala.R.Jud.Admin., gives a presiding circuit judge the authority to do so. For this reason, I write specially to urge the Alabama Supreme Court to amend the Rules of Judicial Administration to correct this problem. Alternatively, I urge the Alabama Legislature to amend § 13A-5-9.1 to prevent problems like this one from occurring in the future.
COBB, Judge, dissenting.
I agree fully with Judge Shaw's well-reasoned dissent in this case. The dockets *297 in the circuit courts of this State have become more burdened with each passing year, and that burden has been exponentially increased  especially in the larger circuits  by the filing of motions filed pursuant to Kirby v. State, 899 So.2d 968 (Ala.2004), following the Alabama Legislature's enactment of § 13A-5-9.1, Ala.Code 1975. The December 22, 2004, administrative order issued by the Chief Justice of Alabama, pursuant to § 12-17-25, Ala. Code 1975, was intended to assist the presiding judge of Talladega County in disposing of the Kirby motions in his circuit.
Like Judge Shaw, I find nothing in that administrative order or in Alabama law that precludes a presiding circuit judge from assigning a circuit judge to dispose of Kirby motions. To the contrary, Rule 13(A), Ala. R. Jud. Admin., provides that the presiding circuit judge may temporarily assign a circuit judge to serve within the circuit. Rule 13 was intended to promote "the orderly administration of justice within the circuit," according to the Comment following the rule. The orderly administration of justice would certainly be facilitated by the presiding judge's appointment of a circuit judge in this instance. The delegation of authority to a circuit judge would not thwart the legislative intent behind § 13A-5-9.1, which is a point the Chief Justice implicitly recognized when he issued the administrative order.
Therefore, I agree with Judge Shaw's conclusion and I, too, "would hold that presiding circuit judges have the same administrative authority under Rule 13(A) that is vested in the Chief Justice under § 12-17-25 to assign certain judges when necessary to hear Kirby motions." 925 So.2d at 300 (Shaw, J., dissenting). This holding would allow presiding judges to accomplish directly what the majority would have them do indirectly by petitioning the Chief Justice for the same relief. In these times of overburdened circuit court dockets, this result is not only permissible, it is far more reasonable.
For the foregoing reasons, I join Judge Shaw's dissent.
SHAW, Judge, dissenting.
After carefully reviewing Curtis Sandifer's petition and the State's response to it, I believe that there is yet another discernable, judicially clearable path through the procedural wilderness created by the legislature's enactment of § 13A-5-9.1, Ala. Code 1975. See Kirby v. State, 899 So.2d 968 (Ala.2004); Bulger v. State, 904 So.2d 219 (Ala.Crim.App.2004); Malloy v. State, 908 So.2d 1048 (Ala.Crim.App.2004); and Ex parte Bridges, 905 So.2d 32 (Ala.Crim. App.2005), for examples of how Alabama's appellate courts have addressed issues raised by § 13A-5-9.1.
At the outset, I note that the majority's holding is not without its strong points and may, ultimately, prove to be the more legally sound position. Time and a higher court will tell. However, believing, as I do, that the presiding circuit judges of this State, especially those in our larger circuits, are in need of assistance in expeditiously and efficiently disposing of an ever-increasing number of what we routinely now call "Kirby" motions, and that the legislature never contemplated the procedural problems presented by specifically authorizing only the sentencing judge or the presiding judge of the circuit to handle those motions, I must agree with the State that there is authority sufficiently broad to permit the presiding judge of a circuit to authorize another circuit judge to handle Kirby motions within the circuit.
Initially, I note, as does the majority, that the Chief Justice of Alabama has issued an administrative order assigning a special circuit judge in Talladega County to preside over all Kirby motions filed in *298 that circuit. The Chief Justice's December 22, 2004, order states in pertinent part:
"TO THE HONORABLE WILLIAM E. HOLLINGSWORTH, CIRCUIT JUDGE TALLADEGA COUNTY, ALABAMA
"WHEREAS, Judge Julian M. King, Presiding Circuit Judge for the 29th Judicial Circuit of Alabama finds a need for a special judge to hear all petitions/motions filed pursuant to Junior Mack Kirby v. State, 899 So.2d 968 (Ala. 2004), due to conflicts arising from previously serving as an Assistant District Attorney in the twenty-ninth judicial circuit and having participated in the prosecution of many of the defendants who may be affected by the holdings of such case.
"WHEREAS, the Supreme Court of Alabama hereby authorizes and empowers William E. Hollingsworth, a Circuit Judge in Talladega County, to act as a special judge to hear all cases of said matter.
"IT IS FURTHER DIRECTED that this order be spread upon the minutes of the Court."
(Capitalization in original.)
It appears to me that the Chief Justice's order, the authority for which, I assume, was § 12-17-25, Ala.Code 1975, was issued out of necessity for the purpose of assisting the presiding judge in disposing of the Kirby motions filed in his circuit.
Section 12-17-25 provides:
"Any judge shall, whenever he deems it necessary, call on the Chief Justice of the Supreme Court to assign one or more judges to relieve the judges who need assistance in clearing dockets, civil and criminal."[8]
The State argues, essentially, that the specific statutory language that empowers the Chief Justice to assign circuit judges within a judicial circuit to hear Kirby motions, and thereby assist in reducing the presiding judge's docket, is not materially different from the wording of Rule 13(A), Ala.R.Jud.Admin., which pertains to a presiding circuit judge's administrative power of assignment.
Rule 13(A) provides:
"(A) The presiding circuit judge may temporarily assign circuit or district court judges to serve either within the circuit or in district courts within the circuit."
The Comment to Rule 13 notes that it was intended to provide the presiding circuit judge with the ability to temporarily assign a circuit judge "if, in his discretion, he deems such assignment necessary to assist in the orderly administration of justice within the circuit."
The majority does not clearly explain why it believes that Rule 13(A) should be *299 read so restrictively as to preclude a presiding circuit judge from assigning a circuit judge to hear Kirby motions when apparently it does not read § 12-17-25 just as restrictively to preclude the Chief Justice from taking similar action. Rule 13 constitutes a broad delegation of authority to presiding circuit judges, and it has passed constitutional muster in this Court and in the Alabama Supreme Court. See, e.g., Adkins v. State, 600 So.2d 1054 (Ala.Crim.App.1990); see also Howard v. State, 611 So.2d 1143 (Ala.Crim.App.1992). In State ex rel. Locke v. Sweeney, 349 So.2d 1147, 1148 (Ala.1977), the Alabama Supreme Court stated:
"Art. 6.11 of the Judicial Article, standing alone, permits this court to adopt a rule providing for the temporary assignment of judges by the presiding judges of the various circuits. One of the primary goals of the Unified Court System is the maximum utilization of judicial manpower to promote the expeditious dispensation of justice. The Judicial Article, Art. 6.10 (carried in [Ala.] Code [1975] as Art. 6, § 149), expressly vesting the Chief Justice with authority to temporarily assign any judge to any court in any judicial circuit in the state in no way restricts the authority of this court to promulgate a rule authorizing the presiding circuit judges to temporarily assign judges within the individual circuits."
I see no material distinction between the language of § 12-17-25 and Rule 13(A). The legislature's obvious intent in enacting § 12-17-25 was to vest the Chief Justice with administrative flexibility so that he or she could temporarily reassign judges to assist other judges in clearing dockets. The Supreme Court's intent in promulgating Rule 13(A) appears to have been to allow a presiding circuit judge to have the flexibility to accomplish the same purpose. Obviously, the Chief Justice finds no inconsistency between § 12-17-25 and § 13A-5-9.1. It seems logical to me, and apparently to the Chief Justice as well, that the legislature's choice of the presiding judge to hear Kirby motions, as an alternative to the sentencing judge when the sentencing judge is unavailable, was not the result of a policy concern so great that it would override its intent, as expressed in other statutes, that the judiciary have the administrative flexibility to clear clogged dockets. See, e.g., § 12-17-25; § 12-1-14; § 12-1-14.1.
Section 13A-5-9.1 is not a beacon of clarity. See Kirby, supra. I fail to see how the presiding circuit judge would have any more connection with, or insight into, a specific request under Kirby for sentence modification than any other circuit judge, in the absence of the sentencing judge. It seems to me that, in selecting the presiding judge as the alternative judge to hear the motion, the legislature was merely acknowledging the presiding judge's general supervisory authority over cases within the circuit, and not expressing a preference, based on strong public policy, for the presiding judge over all other judges within a circuit.
Section 13A-5-9.1 does not specifically prohibit a presiding circuit judge from assigning another circuit judge to preside over Kirby motions. Section 12-17-25 has been construed by the Chief Justice to authorize him to assign a circuit judge to hear Kirby motions. To date the Supreme Court has not addressed this issue, at least not directly.[9] However, assuming that the *300 Chief Justice is correct that he has the statutory authority to assign a circuit judge to act as a special presiding judge over a specific class of cases, i.e., Kirby motions, and I believe that his interpretation of § 13A-5-9.1 in conjunction with § 12-17-25 is reasonable, then I see no logical reason why presiding judges should not have the same authority under Rule 13(A).[10] In light of the legislature's clear expression of intent in other statutes that courts have the flexibility to clear clogged dockets, as well as the evident purpose underlying § 13A-5-9.1 (to provide for the expeditious release from prison of certain nonviolent offenders), the reference in § 13A-5-9.1 to the presiding judge creates, in my view, a latent ambiguity in the statute as to whether the legislature truly intended for only the presiding judge to rule on a Kirby motion in the event of the unavailability of the sentencing judge. See Interstate Inv. Corp. v. Rose Care, Inc., 631 So.2d 836, 839 (Ala.1993) ("A latent ambiguity occurs when the language of an instrument is clear and intelligible, but, when considered in light of certain extraneous facts, takes on another meaning."). Finding no logical, countervailing expression of legislative intent that would suggest a public policy in favor of only the presiding judge's disposing of Kirby motions, I would read § 13A-5-9.1 in pari materia with § 12-17-25 and hold that the legislature's intent in enacting § 13A-5-9.1 was not to preclude a presiding judge from delegating the handling of Kirby motions to another circuit judge in the event the sentencing judge was unavailable. Based on the similarity of the wording of § 12-17-25 and Rule 13(A), I would hold that presiding circuit judges have the same administrative authority under Rule 13(A) that is vested in the Chief Justice under § 12-17-25 to assign certain judges when necessary to hear Kirby motions. That interpretation is reasonable, I think, and would eliminate the need for presiding judges to ask the Chief Justice to do what they could do more quickly and efficiently.
For the foregoing reasons, I respectfully dissent.
COBB, J., concurs.
NOTES
[1] The Court of Criminal Appeals can take judicial notice of the identity of the presiding judge in a specific circuit. See Ex parte Bush, 270 Ala. 62, 116 So.2d 382 (1959).
[2] Rule 32.6(d), Ala.R.Crim.P., specifically provides that "[t]he proceeding shall be assigned to the sentencing judge where possible, but for good cause the proceeding may be assigned or transferred to another judge." It is this Court's experience that when a sentencing judge is no longer in office a Rule 32 petition is assigned to the sentencing judge's successor in office.
[3] Before the enactment of § 12-1-14.1, Ala. Code 1975, only the Chief Justice could appoint temporary judges. See Art. VI, § 149, Ala. Const.1901. Section 149 provides, in part:

"The chief justice of the supreme court shall be the administrative head of the judicial system. He shall appoint an administrative director of courts and other needed personnel to assist him with his administrative tasks. The chief justice may assign appellate justices and judges to any appellate court for temporary service and trial judges, supernumerary justices and judges, and retired trial judges and retired appellate judges for temporary service in any court."
[4] We believe that the Chief Justice's authority to issue this order derived from Art. VI, § 149, Ala. Const.1901, as cited in footnote 3.
[5] Act No. 01-977, Ala. Acts 2001, codified at § 13A-5-9.1, Ala Code 1975, provides little indication of the legislature's intent in enacting that code section. The title to the Act states that it is an Act "[r]elating to persons sentenced as habitual offenders; to provide further for eligibility for parole consideration of non-violent offenders."
[6] Also, according to § 12-3-11, Ala.Code 1975, the Court of Criminal Appeals has general superintendence and control over lower courts concerning matters that fall within our appellate jurisdiction.
[7] The Supreme Court in State ex rel. Locke v. Sweeney, 349 So.2d 1147 (Ala.1977), held that the Supreme Court had the authority to enact Rule 13, Ala.R.Jud.Admin.  a rule allowing presiding judges to temporarily assign another judicial officer. However, two Justices dissented from that decision and questioned the Supreme Court's power to enact such a rule. The dissenting Justices stated: "[T]he power of temporary assignments having been placed specifically in his [the Chief Justice's] hands by the Constitution, certainly the Supreme Court as a body cannot place it in the hands of another judicial officer, such as the presiding judge of a judicial circuit." 349 So.2d at 1149.
[8] Section 12-2-30 provides, in part:

"(a) The Chief Justice shall see that the business of the several courts of the state is attended with proper dispatch and that cases, civil and criminal, are not permitted to become congested or delayed, and he shall take care that prisoners are not allowed to remain in the jails without a prompt trial.
"(b) In connection with these duties and other responsibilities, the Chief Justice is authorized and empowered:
"....
"(7) To take affirmative and appropriate action to correct or alleviate any condition or situation adversely affecting the administration of justice within the state.
"(8) To take any such other, further or additional action as may be necessary for the orderly administration of justice within the state, whether or not enumerated in this section or elsewhere."
Section 12-17-25 provides the specific authorization for the Chief Justice to appoint a special judge; therefore, that section logically provides the legal underpinning for his order.
[9] I note that the Chief Justice's order states, in part:

"WHEREAS, the Supreme Court of Alabama hereby authorizes and empowers William E. Hollingsworth, a Circuit Judge in Talladega County, to act as a special judge to hear all cases of said matter.
"IT IS FURTHER DIRECTED that this order be spread upon the minutes of the Court."
(Capitalization original; emphasis added.) Because there is no vote line appended to the Chief Justice's order, I assume that this administrative order does not necessarily reflect the views of the other Justices of the Supreme Court. However, I have no sure way of knowing whether those Justices have at least tacitly approved the action taken by the Chief Justice in the order.
[10] I note that if the Chief Justice acted outside his authority in issuing the December 22, 2004, order, then the validity of all the Kirby rulings made by Judge Hollingsworth to date may be called into question.