Because I disagree with the conclusion in the main opinion that the circuit court had jurisdiction to entertain Butler's motion for sentence reconsideration and to enter its July 13 order, I must respectfully dissent.
In my dissent in Holt v. State, 960 So.2d 740, 748
(Ala. 2006), I stated: "[I]f an inmate has been convicted of a violent offense, he is a violent offender and is not eligible for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975." Thus, in my opinion, a court does not have jurisdiction to entertain a motion for sentence reconsideration filed by an inmate who has been convicted of an offense that is statutorily defined as a violent offense.
Section 13A-5-9.1, Ala. Code 1975, provides:
 "The provisions of Section 13A-5-9 [the Habitual Felony Offender Act] shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
(Emphasis added.)
This Court applied a strict construction to this statute inKirby v. State, 899 So.2d 968 (Ala. 2004), to determine the issue whether a court had jurisdiction to entertain a motion for sentence reconsideration filed pursuant to §13A-5-9.1, Ala. Code 1975. This Court stated:
 "Normally, a trial court loses jurisdiction to modify a sentence in a criminal case if a request for modification is not filed within 30 days of sentencing. Massey v. State, 587 So.2d 448
(Ala.Crim.App. 1991). By requiring in § 13A-5-9.1
that the provisions of § 13A-5-9 are to be applied retroactively, however, the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced. . . . Clearly, the Legislature has the power to vest circuit courts with the authority to reopen a case that had previously been deemed closed and in which the court's decision was deemed final. See Ex parte Jenkins, 723 So.2d 649, 660 (Ala. 1998)."
899 So.2d at 971 (emphasis added). Thus, the Court strictly construed § 13A-5-9.1 to mean that jurisdiction to consider a motion for sentence consideration filed pursuant to §13A-5-9.1 vests only in the *Page 828 
"sentencing judge or presiding judge." See also Exparte Sandifer, 925 So.2d 290 (Ala.Crim.App. 2005) (holding that because the Court of Criminal Appeals was bound by this Court's decision in Kirby, that court had to conclude that a presiding judge of a circuit court did not have the authority to appoint a special presiding judge to entertain motions for sentence reconsideration filed pursuant to §13A-5-9.1).
I maintain that a consistent strict construction of §13A-5-9.1 also requires that jurisdiction vests in "the sentencing judge or presiding judge" to consider motions for sentence reconsideration only when the motion is filed by a "nonviolent convicted offender." Therefore, if an inmate has been convicted of an offense that is defined by statute as a violent offense, he is a violent offender, and the sentencing judge or the presiding judge does not have jurisdiction to entertain the motion. To the extent this statement conflicts with Kirby, I would overrule Kirby.
Here, Butler was convicted of first-degree rape and first-degree robbery, which are both violent offenses as defined by the legislature, see §§ 12-25-32(12) and 12-25-32(13)a.10. and a.28., Ala. Code 1975. Butler is a violent offender as a matter of law; consequently, neither the sentencing judge nor the presiding judge had jurisdiction to consider Butler's motion for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975. Because in my opinion the court never acquired jurisdiction to consider Butler's motion for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975, the court did not have jurisdiction to enter its July 13 order, and that order is void.
Therefore, I respectfully dissent.